## Batman, Jr., for Himself and Others v. Louisville Gas & Electric Company.

(Decided March 12, 1920.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Parties—Numerous Parties.—Section 25 of the Civil Code does not confer jurisdiction but only permits one or more of the proper parties to an action in a court having jurisdiction of the subject matter, to sue or defend for all under two states of case: (1) where the parties having a common or general interest in the subject matter of the litigation are many, and (2) where the parties to an action are numerous and it is impracticable to bring them into court within a reasonable time.

2. Appeal and Error—Circuit Courts—Jurisdiction.—The circuit courts of this state, having jurisdiction of all matters in law and equity, except in actions for the recovery of money or personal property when the value in controversy is $50.00 or less. have not jurisdiction of a case where numerous claimants against a single defendant seek only several personal judgments for the amounts of their respective claims, none of which amounts to $50.00 even though all of such claims arise from a common cause and involve the same question of law and similar questions of fact.

JOS. S. LAWTON and GROVER SALES for appellant.

MAT O'DOHERTY and A. P. HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, Louisville Gas & Electric Company, supplies natural gas to the residents of the city of Louisville under a franchise contract at a stipulated price per thousand feet, subject, however, to certain discounts when the pressure of gas at the point of consumption is less than three ounces to the square inch.

On the 2nd of February, 1918, the plaintiff, now appellant, Thomas J. Batman, Jr., for himself and on behalf of all other gas consumers in the city similarly sit-

uated, filed this suit against the company alleging as a cause of action that in the months of December, 1917, and January, 1918, the pressure of gas at the point of consumption fell below the standard of three ounces per square inch; that the company refused to give credit for the discounts required by its franchise contract with the city when the pressure of gas fell below the fixed standard and collected of plaintiff and several thousand other gas consumers in the city sums in excess of the amounts due; that the excess collected of plaintiff for the month of January, 1918, was $1.70; that for the month of December, 1917, the bill rendered for gas consumed by him was $1.55 in excess of the amount justly due under the contract; that he refused to pay the $1.55 excess charge and the company accepted the $1.55 but refused to give him a receipt in full for that month; that a great many of the other consumers in the city had paid the overcharges for both months, as did plaintiff in January, while a great many others had refused to pay the overcharges, as did plaintiff in December, and to such consumers the company gave a receipt only for the amount paid and refused to give a receipt in full. The plaintiff prayed that he be permitted to sue on behalf of the many thousands of gas consumers in the city who, like him, had been refused a receipt in full when they deducted the amount of the alleged overcharge, and for all those who had paid the overcharge, as he did in January, 1918; that the cause be referred to the master commissioner to ascertain the excess amounts paid by all other consumers to the defendant under the contract, when said excess amounts were paid, and that the defendant company be required to submit its books and records to the commissioner to enable him to prepare a statement of the excess payments made by all the gas consumers in the city, and that plaintiff and all others who had made overpayments recover of the defendant company the several amounts overpaid by each with interest and costs.

The company filed a special demurrer questioning the jurisdiction of the court, which was sustained and the petition dismissed. Plaintiff appeals.

The only relief asked was separate money judgments for plaintiff and those for whom he would sue, each less than $50.00. The jurisdiction of circuit courts in civil cases for the recovery of money is limited to cases where the amount in controversy exceeds $50.00.

Kentucky Statutes, sections 966 and 1086. Consequently the court did not have jurisdiction of the case unless plaintiff, whose claim is less than $50.00, had the right to sue in that court not only for himself, but also for all other gas consumers in the city who, like him, are alleged to have similar claims against the company for various amounts. Plaintiff claims the right to prosecute this action in the circuit court for himself and numerous other parties similarly situated, under section 25 of the Civil Code of Practice, which reads as follows:

"If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all."

As a matter of fact this section of the Code never confers jurisdiction but only permits one or more of the proper parties to an action in any court and of which the court has jurisdiction, to sue or defend for all in two states of case, (1) where the subject matter of the litigation is of a common or general interest to many persons, and (2) where the parties are numerous and it is impracticable to bring all of them before the court within a reasonable time. That this is true becomes apparent at once if we assume that many or numerous parties have a common or general interest in a claim against "A" for $40.00 and similar interests in a like claim against "B" for $400.00. One or more of such parties, under section 25 of the Code, could sue or defend for all in the court having jurisdiction of the subject matter of the litigation, $40.00 in one instance and $400.00 in the other, but it cannot be ascertained from this section what court has jurisdiction of either claim. The jurisdiction of the court over as well as the proper parties to the action in either state of case is controlled by other sections of the Code and statutes. In the first class it often happens, however, that the jurisdiction of the court and the proper parties to the action, as well as the right of one party to sue or defend for all, depend upon the same fact, namely, a common or general interest in the subject matter of the litigation. As a consequence, jurisdiction, proper parties, and the right of one party to sue or defend for all are often treated as one and the same thing, whereas obviously they are entirely separate and

quite different even when arising from the same condition, namely, the character of the litigation. This is only true, however, of the first of the two classes of cases in which one party may sue or defend for all. In the second class no such confusion can arise, since the condition upon which one party to an action may sue or defend for all depends solely upon their number and the practicability of personal service, which alone cannot, of course, confer jurisdiction or determine proper parties. Under all of the authorities there must be some community of interest in the subject matter of the controversy before a court can exercise in one case jurisdiction over separate claims of different parties under which circumstances the jurisdiction depends not upon the amount of one or all of the separate claims but upon the amount or character of the subject matter, that is, in the thing in which they have the community of interest.

Clearly, therefore, this second class of cases, where one may sue or defend for all, as does the first, applies only to proper parties to an action of which the court has jurisdiction, and the second part of section 25 of the Code cannot possibly aid plaintiff in sustaining the court's jurisdiction. The court in this case had jurisdiction, if at all, as is always the case, quite irrespective of the number of claimants and the right under section 25 of the Code of one of them to sue or defend for all, because and only if plaintiff and those for whom he would sue had a common or general interest in the *subject matter of the controversy* of which the court had jurisdiction.

Whether or not the circuit courts of this state have jurisdiction of the subject matter involved in a controversy where the separate claims of the different parties to the action are below the jurisdictional amount has been before this court in many cases. It has never been sustained except where such parties had a common or general interest in the subject matter of the controversy, as where the subject matter was held to be a trust fund of which the court had jurisdiction and in which the parties had a joint interest or where the relief to be granted was such that the parties had a common and general interest in its enforcement. Illustrative of the first of these two classes is Commonwealth v. Scott, 112 Ky. 252, and of the second class is Cumberland Telephone & Telegraph Co. v. Hickman, 129 Ky. 220.

The case at bar, however, does not come within the doctrine of these cases because there is no trust fund involved with reference to which the defendant company can be held to be the trustee and the gas consumers the *cestuis que trust*.  Nor is this case at all similar to those in which injunctive or other coercive relief is sought to require of the defendant performance of a contract to which numerous parties are jointly entitled and who, therefore, have a common interest in the subject matter of the controversy.  In the case at bar the plaintiff and those for whom he would sue, have no common or general interest in either the claims asserted or the relief sought against the defendant company.  They have only similar but entirely separate and distinct claims against the company for money varying in amounts and dependent upon facts which may be and probably are different in each case.  They arise however under the same contract and involve the same question of law and similar, if not the same, questions of fact. By reason of these facts plaintiff claims the court had jurisdiction, even if there was no community of interest in the subject matter of the litigation, upon authority of Pomeroy's Equity Jurisprudence, third edition, section 268, wherein four classes of cases are said to warrant the exercise of the familiar equitable jurisdiction of courts of general jurisdiction to prevent a multiplicity of suits, the third of which classes is thus stated:

''(3)  Where a number of persons have separate and individual claims and rights of action against the same party, A, but all arise from some common cause, are governed by the same legal rule, and involve similar facts, and the whole matter might be settled in a single suit brought by all these persons uniting as co-plaintiffs, or one of the persons suing for himself alone.  The case of several owners of distinct parcels of land upon which the same illegal assessment or tax has been laid is an example of this class.''

But even if we assume the facts bring this case within that rule, which is extremely doubtful from the illustration given in a much stronger case for its application, since the relief sought was injunction, whereas here only separate judgments for different claimants are asked, this court in I. C. R. Co. v. Baker, 155 Ky. 512, refused to apply same, saying:

"The first and second and fourth of these rules have been accepted by many courts as sound, but the correctness of rule three, which is relied on by counsel for the railroad company as authority for the relief sought, depends upon the application of it. As applied to some states of fact it is not open to objection, as to others it would be. . . .

"In this state the subject is regulated in a general way by section 25 of the Civil Code. . . .

"Adopting the idea embraced in this section as a basis, we have in many cases recognized the jurisdiction of a court of equity to prevent a multiplicity of actions by requiring all of them to be heard and determined in one suit. Whaley v. Commonwealth, 110 Ky. 154; Commonwealth v. Scott, 112 Ky. 252; Sanders v. Herndon, 128 Ky. 437; Sutton v. Head, 86 Ky. 156; Stoval v. McCutcheon, 107 Ky. 577; McCann v. City, 23 Ky. L. R. 558; Gorley v. Citt, 23 Ky. L. R. 1782; Overton v. Overton, 123 Ky. 311.

"Without extending this opinion with extracts from these cases, it may be said that in no one of them did the court approve the rule laid down by Pomeroy in class three as here sought to be applied, and we do not find it necessary in this case to give it our unqualified approval or to enter into a discussion concerning its soundness."

In Hyatt v. Anderson's Trustee, 25 Ky. L. R. 133, Petitt brought an action for himself and all other creditors of a corporation to enforce the double liability of Hyatt, a stockholder, for the purpose of paying the claims of all the creditors of the corporation. In denying Petitt's right to sue for the others, the court said:

"We do not see that any question of general or common interest was presented, or that the creditors were so numerous that they could not have been brought before the court within a reasonable time. The liability of the stockholder to each creditor was several. No creditor had any interest in the liability of the stockholder to any other creditor. His only interest in the others was to obtain a personal judgment in favor of himself for his own debt."

In the recent case of Union Light, Heat & Power Co. v. Mulligan, 177 Ky. 662, this court, upon the authority of Hyatt v. Anderson's Trustee, *supra,* and numerous other cases cited, held that the court did not have

jurisdiction where one of the numerous gas consumers of the city of Covington sought to sue for himself and all others who had similar individual claims against the company for overcharge under its franchise contract with the city. In that case, as in this, the several claims asserted and sought to be combined for the purpose of giving the court jurisdiction, involved a common question of law and to the same extent as here, one or similar questions of fact. That case, therefore, if adhered to, is conclusive as to this one. We are urged, however, by counsel for plaintiff, to distinguish that case because the court recites that the right to maintain the action was asserted therein under the first part of section 25 of the Code, whereas plaintiff is here asserting that right under the second part of that section.

As we have heretofore in this opinion attempted to show that neither the first nor second part of that section could possibly be construed so as to confer jurisdiction upon the court, and the mere fact it is now claimed that the latter portion of the section confers jurisdiction affords no ground for distinguishing this case from the Mulligan case, *supra*. Moreover, in that case the court decided upon facts entirely analogous not only that there was no question of common or general interest involved, but also that a common question of law and fact insofar as involved here was insufficient to confer jurisdiction upon the court. We cannot therefore distinguish that case from this upon the facts involved or the questions decided.

It is therefore clear under the authorities in this state that the mere fact that separate claims of different parties for money arise under a common title and involve the same questions of law and fact is not sufficient to confer jurisdiction upon a circuit court it otherwise would not have, so as to permit therein one party to sue or defend for all under section 25 of the Code.

A case somewhat analogous in principle, but treating of the jurisdiction of this court, is Covington Bros. v. Jordan, 125 Ky. 73, 100 S. W. 326.

Hence the court did not err in sustaining the special demurrer and dismissing the plaintiff's petition. In so doing the court only passed upon the question of jurisdiction and did not, of course, in sustaining the special demurrer which necessitated the dismissal of the petition, attempt to pass upon but assumed the validity of

plaintiff's claim, and that question has not been considered and is nowise affected by our affirmance of that judgment. We say this, although it seems unnecessary, simply to assure counsel for both plaintiff and defendant that no question as to the validity or proper construction of the defendant's franchise contract, which we are advised is involved in other litigation, is concluded by this opinion.

Wherefore the judgment is affirmed.