## Lile et al. v. Kefauver et al.

(Decided June 14, 1932.)

JAMES & JAMES and WOODWARD, HAMILTON & HOBSON, for appellants.

FAUREST & FAUREST, A. P. CUBBAGE and JOHN CAMPBELL for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

The sole question presented for decision by this appeal is whether two or more creditors of an insolvent bank may jointly for themselves and for all other creditors of such bank maintain an action against the directors thereof to enforce the liability of the directors arising under the provisions of section 548, Kentucky Statutes. The statute in question reads:

"If the directors of any incorporated company shall declare and pay any dividend when the corporation is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, they shall be jointly and severally individually liable for all debts of the corporation then existing, and for all that shall be thereafter incurred while they, or a majority of them, continue in office."

C. S. Shartzer, John Lile, and R. A. Byers, for themselves and for all other depositors and creditors of the Grayson County State Bank, filed their petition in equity against Ed Kefauver and other directors of that bank, alleging, in substance, that on or about the 10th day of March, 1930, the banking commissioner of the state of Kentucky, because of the insolvency of the bank, took charge of its property and effects for the purpose of liquidation. In December, 1929, the directors of the bank declared and paid a dividend of 3 per cent on its capital stock; that at the time the bank was insolvent and the payment of the dividend diminished the amount of its capital stock; that the directors knew, or should have known, of its insolvency. At the time the dividend was declared and paid, and at the time the bank was placed in the hands of the commissioner for liquidation, plaintiffs Shartzer, Lile, and Byers were depositors and creditors thereof in the sums of $5,745.25, $551.95, and $827.86, respectively and there were more thon 1,500 other depositors and creditors whose aggregate deposits amounted to more than $400,000, and no part of the claims of plaintiffs and other depositors had been paid. It is further alleged that, when all the resources and assets of the bank are converted into money and applied to the legal indebtedness of the bank, not more than 15 per cent of the claims of its creditors and depositors will be satis-

fied; that they represent a class of more than 1,500 persons, all of whom are and were creditors of the bank when the dividend was declared, and at the time the bank was closed and their right to have the defendants pay the claims is based on the same law and fact and they have a common right and interest in the payment made; that to require each creditor to prosecute his claim separately will result in a multiplicity of suits; and that no adequate remedy at law is afforded to the several depositors and creditors.

Defendants entered a motion to require plaintiffs to elect whose cause of action they would prosecute and in whose name same would be prosecuted. Plaintiffs entered a motion for permission to prosecute the action for and on behalf of all creditors and depositors of the bank and for an order enjoining all creditors and depositors from suing except in this action. There was also filed in the action a writing signed by over 700 depositors of the bank in which it was stated that the signers had given no authority to plaintiffs to file the action for them against the directors and that they did not desire to have it prosecuted in their behalf.

The chancellor sustained the motion of defendants to require plaintiffs to elect, and overruled motion of plaintiffs to be permitted to prosecute the action on behalf of all other creditors and depositors, and also overruled motion for order enjoining other creditors and depositors from suing except in this action. Plaintiffs declining to make election pursuant to the court's orders, it was adjudged that the claims of John Lile and R. A. Byers be dismissed without prejudice, and that the action be prosecuted for and on behalf of plaintiff Shartzer. From that judgment and order Lile and Byers have appealed.

Counsel for appellants first argue that the directors of a bank who declare and pay a dividend when they know, or under the circumstances should know, that the bank is insolvent, become and are jointly and severally liable for all its debts, and in support of this argument section 548 of the statute and Cunningham v. Shellman, 164 Ky. 584, 175 S. W. 1045, are cited. That liability will impose upon directors violating that section of the statute is not questioned by counsel for appellees.

It is further argued that the court should have either required plaintiffs to bring before it as plaintiffs or de-

fendants all the creditors of the bank under section 23 of the Civil Code of Practice, or else should have made an order permitting plaintiffs to prosecute the action for and on behalf of all the creditors under section 25 of the Civil Code of Practice. And further that equity having acquired jurisdiction will give complete relief and may bring before it all parties that may be necessary to a full, final and complete adjudication, and therefore will permit the liability of the directors to be enforced in a single suit, because the creditors do not have an adequate remedy at law, and such action will prevent a multiplicity of suits. On the other hand, it is asserted by counsel for appellees that section 83 of the Code must be read and considered in connection with the other sections in question, and that, if the several causes of action are of such a nature as that they may not properly be united under the provisions of section 83, then the other sections have no application.

In a well-considered opinion found in the record, the chancellor reviews at length or cites practically all the numerous cases bearing on the questions presented for determination. The cases are so aptly applied or so clearly distinguished therein and the factors determining his conclusions are set forth with such clear and cogent reasoning that a strong inclination to embody the opinion in toto here would not be denied but for the fact that it would unreasonably lengthen this opinion. We shall, however, refer to and quote excerpts from that opinion. After setting out sections 25 and 83 of the Civil Code of Practice, it is said:

"The two sections of the Code must be considered together. Before some can sue for others, manifestly it must be in a proceeding in which those others could sue for themselves, if they came in and asked to be permitted to do so. . . . It is apparent at the outset that if the other claimants sought to be sued for herein, could not join their actions under Section 83, then they are not proper parties and cannot be represented in this case by the plaintiffs; for if one (being sui juris) cannot sue for himself in a case, then no one else can sue for him in that case.

"While section 25 states the two classes of cases in which some may sue for all, in the disjunctive—if the question involves a common or general interest

of many persons, or if the parties be numerous, etc. —yet adjudicated cases proceed upon the idea that mere numbers, of course, will not be sufficient, where there is no community of interest. To hold otherwise would nullify section 83 and permit parties because numerous to join in the same action adverse and wholly disconnected subject-matters, with or without a common interest involved. So that the mere number of parties will not authorize the joinder, or permit some to sue for others. In the adjudicated cases where the joinder and representative action were permitted, there seems to have been a tangible something in which many persons had the necessary common or general interest, as a trust fund, an insolvent estate, liens on the same designated property. That all of them have separate and distinct claims against the same person or persons, has never been held alone sufficient.''

The chancellor's finding is supported by many opinions, and is in strict harmony with all recent cases bearing on the question presented for decision.

In the case of Batman v. Louisville Gas & Electric Co., 187 Ky. 659, 220 S. W. 318, 319, Batman, a consumer of gas filed a suit on behalf of himself and all other consumers of gas to recover overcharges made by the company under its franchise. In affirming the lower court's judgment denying him the right to maintain the action, this court said:

"The only relief asked was separate money judgments for plaintiff and those for whom he would sue, each less than $50. . . . Consequently, the court did not have jurisdiction of the case unless plaintiff, whose claim is less than $50, had the right to sue in that court not only for himself, but also for the numerous other gas consumers in the city, who like him, are alleged to have similar claims against the company for various amounts. Plaintiff claims the right to prosecute this action in the circuit court for himself and all other parties similarly situated, under section 25 of the Civil Code of Practice. . . .

"As a matter of fact, this section of the Code never confers jurisdiction, but only permits one or more of the proper parties to an action in any court,

and of which the court has jurisdiction, to sue or defend for all. . .. .

"Under all of the authorities, there must be some community of interest in the subject-matter of the controversy before a court can exercise in one case jurisdiction over separate claims of different parties under which circumstances the jurisdiction depends, not upon the amount of one or all of the separate claims, but upon the amount or character of the subject-matter, that is, in the thing in which they have the community of interest.

"Clearly, therefore, this second class of cases, where one may sue or defend for all, as does the first, applies only to proper parties to an action of which the court has jurisdiction, and the second part of section 25 of the Code cannot possibly aid plaintiff in sustaining the court's jurisdiction. The court in this case had jurisdiction, if at all, as is always the case, quite irrespective of the number of claimants and the right under section 25 of the Code of one of them to sue or defend for all, because and only if plaintiff and those for whom he would sue had a common or general interest in the subject matter of the controversy of which the court had jurisdiction."

It would serve no good purpose to go into an extended review of the cases bearing on the question of representative or class suits, pointing out cases in which the right to maintain such action has been upheld and where that right has been denied, since that has been done in a number of recent cases. Swiss Oil Co. v. Shanks, 208 Ky. 64, 270 S. W. 478; Barriger v. Louisville Gas & Electric Co., 196 Ky. 268, 244 S. W. 690, 31 A. L. R. 1408; Cossar v. Klein, 227 Ky. 768, 14 S. W. (2d) 160; Batman v. Louisville Gas & Electric Co., supra; Union Light, Heat & Power Co. v. Mulligan, 177 Ky. 662, 197 S. W. 1081; Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W. (2d) 481, 483.

In the latter case the opinion, after setting out the provisions of section 25 of the Civil Code of Practice, said:

"Where the interest of the parties in a common security is not distinct, but collective, representatives of the class may maintain actions and secure binding judgments. It is clear that one or more in-

terested parties, fairly representative of the class whose rights the court may protect, may maintain actions for the benefit of all others similarly situated. [Citing cases.]

And further on in the opinion, after citing a number of the foregoing and other authorities, continued, saying:

"In cases where an individual creditor seeks to recover a debt due him, there is no such community of interest with other claimants having similar claims as to authorize a class suit. Those entitled to recover debts may assert or waive their rights, and when they do either, no others have the right to act for them."

Clearly this case comes within the latter rule, since the claim of each of the creditors of the bank is distinct and individual. There is no common security or fund in which they have collective or community interest. Each of them may assert or waive their claim without a right in others to act for them. True, their claims arise under the same statute and involve the same questions of law and similar questions of fact but, notwithstanding their similarity, they are separate and distinct claims against the directors. Batman v. Louisville Gas & Electric Co., supra. And, as pointed out in notes and cases cited under section 25 of the Civil Code of Practice, it is not sufficient that the rights of the various creditors may be determined upon the same law and facts, or that the common or general interest be in question of law raised by the pleadings, but there must be a common and general interest in the subject matter of the action to authorize one or more to maintain an action for all.

The case of Cunningham v. Shellman furnishes no precedent on the question here, since the opinion does not refer to or determine the right of one creditor to sue for all, and we have examined the record and find that that question was not raised in the court below or on appeal.

In answer to argument of counsel for appellants that equity having acquired jurisdiction will bring in all necessary parties and determine the whole controversy, the chancellor in his opinion said:

"It is true that equity having once rightfully acquired jurisdiction, will bring in the necessary parties and determine the whole controversy. But of

what has the court acquired jurisdiction on the case? Not more than of the parties before the court and of the individual claims of the parties suing. It has acquired no jurisdiction of the property of the defendants, nor of any common fund out of which these claims are to be satisfied. The whole controversy here, between each creditor and the defendants is the controversy as to whether the defendants are liable to him. The liability described in the statute is not only joint and several, but it is individual. It is suggested that in the end the funds will be trust fund. I understand the argument to mean when common liability to all the creditors has been declared and the property of the defendants in effect marshalled for satisfaction. But equity must find existing reasons for its jurisdiction; it cannot by mandatory order create the conditions and then justify its jurisdiction on them. If this were possible, then in any case where a defendant owes numerous persons numerous debts, however disconnected, the same doctrine would apply, to the emasculation of all established rules of joinder.''

The chancellor's determination of that question is in accord with the opinion in the Batman case, supra, disposing of a similar contention, and clearly expresses the views of this court on that matter.

Judgment affirmed.