## Garfein v. Stiglitz et al.

(Decided Sept. 24, 1935.)

STANLEY GARFEIN for appellant.

WOODWARD, HAMILTON & HOBSON and O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY ·CREAL, COMMISSIONER— Affirming.

M. L. Garfein, for himself and on behalf of all other persons similarly situated, instituted this action against W. G. Stiglitz, former clerk of the Jefferson county court, and the Fidelity & Casualty ·Company of New York, surety on his official bond, alleging in his petition that in the year 1930 he applied for his state automobile license and· Stiglitz, as clerk, through his duly appointed and acting deputies, wrongfully, illegally, and fraudulently overcharged him the sum of $3.20, and also

wrongfully, illegally, and fraudulently overcharged numerous other persons for whose use and benefit the action was instituted. He filed as an exhibit, which he made a part of his petition, a list of several hundred persons who he alleged had been overcharged for their automobile licenses by the county clerk and his deputies, setting opposite their names the respective amounts of such overcharge. He prayed judgment against the defendants jointly and severally for the sum of $3.20, the overcharge which had been exacted of him, and also the overcharge against various other persons named in the exhibit which it is alleged amounted in the aggregate to $20,000.

Defendant the Fidelity & Casualty Company of New York entered a motion to strike from the petition all allegations relative to the overcharge against other persons for whom plaintiff sought recovery, and each of the defendants filed a special demurrer to the petition. The court sustained the motion to strike the special demurrers, and, plaintiff declining to further plead, the petition was dismissed and he is appealing.

It is the contention of counsel for appellant that it was permissible under the provisions of section 25 of the Civil Code of Practice for appellant to maintain an action for the benefit of himself and all other persons named in the exhibit filed with his petition. The section of the Code invoked reads:

"If the question involve a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all."

In the recent case of Lile et al. v. Kefauver et al., 244 Ky. 486, 51 S. W. (2d) 473, 474, which involved the construction of this section of the Code, this court quoted with approval from the opinion of the chancellor wherein it was said:

"While section 25 states the two classes of cases in which some may sue for all, in the disjunctive—if the question involves a common or general interest of many persons, or if the parties be numerous, etc.—yet adjudicated cases proceed upon the idea that mere numbers, of course, will not be sufficient, where there is no community of interest.

To hold otherwise would nullify section 83 and permit parties because numerous to join in the same action adverse and wholly disconnected subject-matters, with or without a common interest involved. So that the mere number of parties will not authorize the joinder, or permit some to sue for others. In the adjudicated cases where the joinder and representative action were permitted, there seems to have been a tangible something in which the many persons had the necessary common or general interest, as a trust fund, an insolvent estate, liens on the same designated property. That all them have separate and distinct claims against the same person or persons, has never been held alone sufficient.''

To the same effect see, also, Batman v. Louisville Gas & Electric Co., 187 Ky. 659, 220 S. W. 318; Swiss Oil Corp. v. Shanks, 208 Ky. 64, 270 S. W. 478; Barriger et al. v. Louisville Gas & Electric Co., 196 Ky. 268, 244 S. W. 690, 31 A. L. R. 1408.

Here there was no fund in which there was a community of interest. While appellant and each of the persons who paid more than the statutory fee for the licensing of their automobile had a just claim for such overcharge against the clerk or the deputy who exacted and received it, the claims were separate, distinct, and individual.

The case of Black et al. v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W. (2d) 481, is typical of the cases wherein the question or subject-matter involves a common and general interest of many persons and where the parties are numerous and one or more may sue for the benefit of all. In that case a mortgage had been executed to secure mortgage bonds which were held by numerous persons. In cases of that character, one may sue for the benefit of all or all may properly join in the same action; but the other cases hereinbefore referred to, which are in harmony with the general trend of authority, clearly indicate that where, as in this instance, there is no community of interest and the claims are separate and individual, even though against the same party, the claimants may not join in an action nor may one or more sue for the benefit of all.

Judgment affirmed.