# King v. City of Covington.

March 3, 1942.

Rouse, Price & Adams for appellant.
Stanley Chrisman for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In August, 1935, the city of Covington, suing for itself and on behalf of all resident gas consumers of the city, brought its action in the Kenton circuit court against the Union Light, Heat and Power Company seeking to recover of the company a refund on rates paid for gas under the provisions of certain interrelated gas

franchises, ordinances, etc., granted and enacted by the cities of Covington, Kentucky, and Cincinnati, Ohio. During the pendency of that action Earl Rodney King, an attorney representing one Robert Moore, who was a resident and gas consumer of the city of Covington, filed Moore's intervening petition making him a party plaintiff to the action seeking the same relief and for the same purpose sought by the action of the city of Covington. Also, Lillian Bennett, suing for herself and others by her attorney F. J. Hanlon, filed a like intervening petition for the same purpose as that of the city and Moore. The city of Covington objected to the filing of both the intervening petitions on the ground that its action already pending was sufficient to accomplish the same purpose as that sought by the petitions of the intervenors.

The city of Covington was successful in that action on appeal to this court (Union Light, Heat & Power Company v. City of Covington et al., 282 Ky. 558, 139 S. W. (2d) 64), and recovered a large refund on behalf of the gas consumers of the city, which fund was paid into or under the control of the court. On the return of the case to the circuit court, the appellant in this appeal, Earl Rodney King, attorney for the intervenor Moore in the action supra, entered a motion in the Kenton circuit court for an allowance as attorney fee for his services rendered in behalf of the gas consumers of the city of Covington and asked that he be adjudged a lien upon the common fund which had been refunded to the city by the gas company but which had not yet been distributed. At the time appellant made his motion for an allowance for his services, he also moved the court to appoint a class representative to defend his application and thereupon the court appointed the city of Covington to represent the gas consumers of the city as a class and to make defense to appellant's application for an allowance. The case was prepared for trial and submitted for judgment and the chancellor denied appellant's claim and dismissed his application. This appeal follows.

The chancellor wrote an opinion which we here quote in part, with approval:

"As a general rule an attorney who renders services in recovering a fund in which numerous parties are interested, is entitled to a fee out of the fund. This is a rule of equity. Section 489 of the

Kentucky Statutes is a reiteration of this equitable principle.

"This action was originally instituted by the City of Covington, for itself and the gas consumers of Covington pursuant to Section 21 of the Civil Code of Practice which provides:

" 'A personal representative * * * a county, municipal corporation or taxing district with which or in the name of which a contract is made for the benefit of its inhabitants, residents or tax payers * * * may bring an action without joining with him or it the person or persons for whose benefit it is prosecuted. Provided, however, that nothing herein contained shall abrogate or take away the individual's right to sue.'

"In the pending case there is no claim, and in the very nature of things, there could not be a right to intervene upon the part of anyone. Persons who desire to be represented individually may employ counsel and may, if they have a justifiable cause, set up their claim. Section 21 of the Civil Code of Practice was designed specifically to meet this exact situation.

"Counsel for the intervenors in their briefs state that there are numerous authorities for the allowance of attorney's fees when a common fund has been brought into court through the services of an attorney.

"They refer to cases of allowances made in receiverships; instances where a common trust fund is brought into court; in cases of settlements of estates, and in cases referred to and described generally in the Kentucky Statutes, Section 489; but this case is not of the kind referred to in the authority mentioned in counsel's brief.

"Rather, this case is more in line with the following: Union Light, Heat & Power Co. v. Mulligan, 177 Ky. 662, 197 S. W. 1081; Batman v. Louisville G. & E. Co., 187 Ky. 659, 220 S. W. 318; Barriger v. Louisville G. & E. Co., 196 Ky. 268, 244 S. W. 690, 31 A. L. R. 1408; Garfein v. Stiglitz, 260 Ky. 430, 86 S. W. (2d) 155; Lile v. Kefauver, 244 Ky. 486, 51 S. W. (2d) 473.

698

"The court observes that in Section 21 of the Code, supra, the design of the law was to give to the City, which was the party to the contract for the benefit of citizens and taxpayers, the right to represent such citizens and taxpayers in the prosecution of any matter that might arise as a result of the contracts referred to. I assume that there might be some circumstances under which an intervention by a citizen might be authorized, but so far as this section of the Code is concerned, it does not authorize the intervention by a citizen but merely reserves to him his individual right to sue if such right exists. It certainly does not authorize an intervention for or on behalf of citizens and taxpayers generally, and so far as the individuals who may be authorized to intervene by reason of their own claims, such persons must have a justifiable cause of their own, that is to say, they must be able to assert and prove all things required under the law of one who seeks to bring an action under normal conditions. For instance, such claims as referred to must have jurisdictional support. The claim must be one which would show the jurisdiction of the court in which it is sought to prosecute this action. In the present instance neither of the intervenors have justifiable causes and neither of them can maintain a claim nor can they intervene in an action such as is referred to in Section 21 of the Code. In the instance of one of these intervenors no attempt whatever has been made to show a jurisdictional amount, and in the other instance a jurisdictional amount was alleged, but the proof failed to sustain such allegation and the case was submitted to the court upon proof that the claim amounted to only $17.70, whereas the jurisdictional amount in the Circuit Court must be in excess of $50.00. It will be observed that the Court of Appeals [282 Ky. 558, 139 S. W. (2d) 69] in its opinion in this case said—

" 'Without passing upon the right of the interveners to sue on behalf of other gas consumers similarly situated, it is sufficient to say that we are unable to discover in what manner appellant has been prejudiced in the ruling complained of. The City sued for the benefit of all of its inhabitant gas consumers, and the judgment appealed from directs the appellant to refund to them the same proportion of

their previously paid gas bills as was refunded to the Cincinnati consumers of the same quantity of gas. As we read the record, no relief has been granted the interveners differing from that awarded consumers who did not intervene, and no award has been made against appellant which would not have been made in the absence of intervention.' ''

The authorities supra, cited by the chancellor, involved Section 25 of the Civil Code of Practice, and perhaps other sections, rather than Section 21 of the Code. It may be conceded that the subject matter and facts involved in those cases are not precisely the same as the one involved in the present case, yet with respect to the general principles of law involved, there is much in common between those cases and the present one. The chancellor also refers to and quotes from the case of City of Princeton et al. v. Princeton Electric Light & Power Company, 166 Ky. 730, 179 S. W. 1074. We think that case comes within the same category as the others cited, supra. With reference to what was said in the case of Union Light, Heat & Power Company quoted by the chancellor, it may be conceded that while the court did not definitely pass on the precise question involved in the present proceedings, yet the language fairly warrants the inference that the intervention of Bennett and Moore was useless and nothing more was accomplished thereby for the gas consumers than would have been without such intervention, since the gas consumers were represented by the city.

It is insisted for appellant that he filed certain pleadings which were beneficial to the general cause of all gas consumers and rendered valuable services in the course of the litigation which inured to the benefit of all the gas consumers of the city as well as to his client, Moore. It must not be overlooked that the interest of appellant's client and that of all other gas consumers were intermingled and in representing his client no doubt other gas consumers benefited incidently by appellant's services; but that does not mean necessarily that other gas consumers should be required to pay appellant, since they were already represented by the city and did not employ appellant to represent them. Whitehead v. Fulton et al., 187 Ky. 717, 220 S. W. 531; Howard et al v. Carmichael et al., 237 Ky. 462, 35 S. W. (2d) 852, and cases therein cited. Also, in Edison Light & Power

Company v. Pennsylvania Public Utility Commission, D. C., 34 F. Supp. 939, there was involved a question very similar to, if not precisely in point with, the present case. The holding of the court in that case is indicated in the syllabus which reads:

"Where all consumers of electric power were adequately represented by the Pennsylvania Public Utility Commission and its counsel during investigation of electric power company's rates and subsequent litigation which resulted in a fund consisting of overcharges accumulated as result of injunctions restraining reduction in rates, attorneys representing a small group of consumers who assumed no obligation to compensate attorneys were not entitled to allowance of counsel fees from the fund, either as costs between solicitor and client or on theory that attorneys created or protected a common fund for benefit of all consumers."

Many other authorities of a like nature might be cited, but since the cases supra and Section 21 of our Civil Code of Practice clearly reveal that appellant is not entitled to the allowance which he seeks against the gas consumers of the city of Covington, we deem it unnecessary to further extend this opinion.

The judgment of the chancellor being in harmony with our views, it is accordingly affirmed.