[Civ. No. 14999. First Dist., Div. Two. Feb. 29, 1952.]

EDNA COONEY, Respondent, v. GROWER-SHIPPER VEGETABLE ASSOCIATION OF CENTRAL CALIFORNIA et al., Appellants.

Church & Abramson for Appellants.

No appearance for Respondent.

NOURSE, P. J.—On January 27, 1950, the Fresh Fruit and Vegetable Workers Union entered into a collective bargaining contract with the employer association, one provision of which called for arbitration of disputes arising out of the contract. On November 24, 1950, petitioner, "as representative" of the members of the union, but not as an employee under the contract, filed her petition asking that the association be compelled to arbitrate the dispute whether workers in "packaged" celery were included in the contract. A hearing was held on January 8, 1951, and a judgment was entered on January 19, 1951, ordering the arbitration. At that time the contract had expired, the petitioning union had been dissolved, and another union had been certified by the National Labor Relations Board as the bargaining representative.

■ The judgment or order must be reversed for two reasons—first the petitioner did not sue as a party aggrieved or as a member of a class of parties aggrieved. She was not competent to maintain a representative suit on behalf of the union under section 382, Code of Civil Procedure. The right to demand arbitration under the contract rested with Union Local 78 which was one of the contracting parties. It did not rest with but one of the former members of that union. The element of a community of interest between the party suing and the parties sought to be represented is not present. This brings the case within the rule of *Weaver* v. *Pasadena Tournament of Roses Assn.*, 32 Cal.2d 833, 837 [198 P.2d 514] where the court said: "But in any event and regardless of which of the alternative conditions of the statute is invoked as authorizing a class proceeding, it has been uniformly held that there must be a well-defined 'community of interest' in the questions of law and fact involved as affecting the parties to be represented. (Pomeroy, Code Remedies (5th ed.), § 286, p. 436; *Norian* v. *Bennett*, 179 Cal. 806, 809 [179 P. 158]; *Batman* v. *Louisville Gas & Electric Co.*, 187 Ky. 659 [220 S.W. 318, 319]; notes, 114 A.L.R. 1015; see, also, Blume, The 'Common Questions' Principle in the Code Provisions for Representative Suits, 30 Mich.L. Rev. 878.)"

Second, at the time of the hearing, and at the time of the judgment, the contract had expired, the contracting union had been dissolved, and a new union had been substituted as bargaining agent by the National Labor Relations Board. Hence, if any question was still subject to arbitration under the old contract, the new union was the only qualified bargaining agent competent to demand an arbitration on behalf of the employees.

The judgment is reversed.

Goodell, J., and Jones, J. pro tem., concurred.