### Webb and Martin v. Martin.

(Decided March 24, 1922.)

### Appeal from Floyd Circuit Court.

1. Partition—Jurisdiction.—Under the provisions of section 499 of the Civil Code, county courts and circuit courts have concurrent jurisdiction for the partition of land among joint owners, and a suit for that purpose pending in either court may be pleaded in abatement of a subsequent one filed in the other one.

2. Partition—Parties.—In such proceeding the holder of an adverse outstanding title is not a necessary party, but all persons claiming interest under the same title are necessary parties and should be brought into the case.

3. Partition—Plea in Abatement—Parties.—Under the facts as disclosed in the opinion it is held that the pendency of a suit in the circuit court was properly pleadable in abatement of a subsequent one filed in the county court when the same parties to the county court proceedings were also parties to the circuit court proceedings and the same relief was sought in the latter as in the former, although there were other parties to the circuit court proceedings who were not such to the county court proceedings, and additional relief was sought in the circuit court to that sought in the county court.

C. B. WHEELER for appellants.

J. D. HARKINS and W. P. MAYO for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This action was filed in the Floyd county court by appellee and plaintiff, Catherine Martin, against appellants and defendants, Jemima Webb and Ida Martin, on Feb-

ruary 4, 1920, seeking a division among them in equal parts of a described tract of land in Floyd county. It was filed under the provisions of section 499 of the Civil Code of Practice and it was alleged in the petition that the parties owned the land under a deed executed to them on August 8, 1904, by Jonathan Webb, the husband of defendant, Jemima Webb, and the father of defendant, Ida Martin, and of the plaintiff, Catherine Martin, conveying it to them equally, but limiting the title of his widow to a life estate only in her one-third thereof. The answer as amended pleaded in abatement of the action the pendency of another one which was filed in the Floyd circuit court on December 10, 1919, by S. B. Webb, et al., against the parties to the suit in the county court seeking the same relief, and upon motion this action commenced in the county court was transferred to the Floyd circuit court where a demurrer was filed to the plea in abatement which copied the entire pleadings in the circuit court suit and it was sustained. Defendants declined to plead further and a judgment was rendered dividing the land according to the prayer of the petition, to reverse which this appeal is prosecuted.

The pleadings in the suit of S. B. Webb, et al., in the Floyd circuit court alleged that the plaintiffs therein were the children and heirs at law of Jonathan Webb by a former marriage and that defendants therein were his widow and her two children; that the mother of plaintiffs in that action owned the tract of land involved and that her surviving husband, Jonathan Webb, at the time he executed the deed in 1904 had only a curtesy interest therein and could not and did not convey any interest to his surviving widow and her two children. Plaintiffs in that suit further alleged that if they were mistaken in their first contention then Johnathan Webb's deed of 1904 was void because he was mentally incapacitated at the time to execute it and was unduly influenced to do so, and they asked that it be cancelled and the land be divided among them and his children by his second marriage after allotting to the widow her dowerable interest. The appellants answered that petition and made their answer a cross petition against their co-defendant (appellee here), in which they denied all the averments therein and asked that the land be divided among the answering defendants and their co-defendant, Catherine Martin, the latter of whom filed no pleading in that case.

It was further averred.in the same answer and cross petition, and also in the plea in abatement filed in the county court, that the appellee here had entered into a collusion with the plaintiffs in the circuit court suit whereby she was to receive a one-third interest in the land and that it should be laid off to her adjoining another tract which she owned. The widow, Jemima Webb, in another separate paragraph alleged in her answer to the circuit court suit that her husband executed a will which was duly probated in the Floyd county court and in which he devised to.her. all of her property, and she asked that should the 1904 deed be cancelled that she be adjudged the land as devisee under her husband's will.

The pleadings in the circuit court suit were in this condition, and the action undisposed of when this one in the county court was filed. Clearly the court was in error in sustaining the demurrer to the plea in abatement of the county court proceedings. Both the circuit and the county court, under the provisions of section 499, *supra*, of the Code, had jurisdiction to entertain the partition proceedings and the pendency of an action for that purpose in one of them constituted a bar to a subsequently filed one in the same court or in either of them.

But it is insisted that under the doctrine of the opinions in the cases of McIntyre v. McIntyre, 82 Ky. 502, and Bacon v. Boyd, 17 Ky. L. R. 1276, the heirs of the first wife of Jonathan Webb, who were plaintiffs in the circuit court action, were not necessary parties to a division suit among the title holders under the 1904 deed, and that for that reason the suit filed by them in the circuit court did not constitute matter in abatement of the county court proceedings. Perhaps this would be true if all the claims of plaintiffs in that suit, and their right to any interest in the land, was based.exclusively upon. the ownership of the land by Jonathan Webb's first wife. In that case their claim would be under a different title from that of the parties to the county court proceeding and they would not be necessary parties to the action in the county court which was based exclusively upon the title acquired by the deed executed by Johnathan Webb in 1904. But the alternative prayer in the circuit court suit was to set aside that deed, upon the ground stated, and to adjudge plaintiffs therein the joint owners of the land with the parties to the county court proceeding under the same title of inheritance from Jonathan Webb.

In that case all the parties would be claimants under the same title and necessary parties to a division suit, since if the 1904 deed was eliminated the title to the land would then be held jointly by all the heirs of Jonathan Webb and the widow would be entitled to her allotment of dower, which is the exact case to which the provisions of section 499 apply.

What has been said is not intended to affect any of the issues made in the circuit court action, all of which the court will hear and determine as if the county court proceedings had never been instituted.

Wherefore, the judgment is reversed with directions to overrule the demurrer filed to the abatement plea in the circuit court in this case and to dismiss, without prejudice, the action if plaintiff declines to plead further, or dismiss it if the facts as alleged in the abatement plea are found to be true if they should be denied.