# Commissioners of Sinking Fund of City of Louisville et al. v. Weis et al.

(Decided June 8, 1937.)

THOMAS A. BALLANTINE and MARK BEAUCHAMP for appellants.

W. S. HEIDENBERG, WALTER P. LINCOLN and GROVER G. SALES for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The case challenges the validity of section 70 of the General Ordinance No. 339, Series of 1930, ordained

and re-ordained annually by the board of aldermen of the city of Louisville, imposing license taxes on trades, occupations, and professions carried on or practiced in the city. It is as follows:

"Every person, firm or corporation engaged in the business of selling furniture, household goods or wearing apparel, on a strictly installment plan and operating a regular installment business—where the major part of the receipts is a result of an installment business, shall pay an annual license of fifty [$50.00] dollars."

Prior to 1930 a license was levied on all installment dealers. In the re-enactment of the annual license ordinance for that year it was made applicable only to the class stated.

The appellees, the Weis Outfitting Company, a partnership, are engaged in the business of buying and selling furniture at retail in Louisville. It is alleged that they and others similarly classed and situated, under the compulsion of the ordinance, paid the license tax imposed by the foregoing section for five years. They asked to be permitted to maintain a class suit under the provisions of section 25 of the Civil Code of Practice. They prayed that the quoted section of the ordinance be held void and they be awarded judgment for the aggregate sum paid under it. It was stipulated that $7,700 had been so paid during the period. The court rendered judgment upon the pleadings and stipulation in accordance with the prayers of the petition. The appellant seeks a reversal of that judgment.

The license tax is assailed upon the ground that it unreasonably and discriminately sets apart for imposition of a special tax not only those merchants whose major receipts are from installment sales, but—what is regarded as more iniquitous—it picks out of that class only those who deal in furniture and clothing.

The provisions of the Constitution, Federal and State (Const. U. S. Amend. 14; Const. Ky. sec. 171), pertaining to the equal protection of the laws and requiring taxation to be equal and uniform, which the appellees invoke, apply in their fullness only to direct taxation of property as such. They do not prevent variety or differences in taxation or the exercise of discretion in the selection of subjects of classification of businesses, trades, professions, or occupations. State Board

of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464; Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967.

Accordingly, the parties agree that a city may classify and subclassify trades, occupations, and professions for the purpose of licensing them. So long as the tax operates equally upon all subjects within the class to which it is applied, it will be held valid. But any unjust discrimination between members of a class renders the license tax void. This does not imply that persons engaged in the same occupation or business or trade may not be classified and a different license tax imposed on each class. However, the differences which will support such legislation must be such as, in the nature of things, spring from a reasonable basis. There is no disagreement of the parties on any of these principles of permissible classification. Strater Bros. Tobacco Company v. Commonwealth, 117 Ky. 604, 78 S. W. 871, 25 Ky. Law Rep. 1717; Hager, Auditor, v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A. (N. S.) 195, 129 Am. St. Rep. 238; Loges v. Louisville, 141 Ky. 367, 132 S. W. 565; Gordon v. Louisville, 138 Ky. 442, 128 S. W. 327; City of Danville v. Quaker Maid, 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590; Karnes v. City of Benton, 258 Ky. 425, 80 S. W. (2d) 558. The collision of counsel is in the application of the rules. Their views as to justification of the classification make the contest.

A natural or substantial difference in the character of business done or methods of doing the same business are regarded as affording a proper distinction. Sometimes it is a question whether or not the business itself is different. We have recognized many different classifications as within the rule of reasonableness.

In considering the provisions of the ordinance under attack in this case, it is to be noted that the first classification is of merchants conducting a regular installment business, who are defined as those whose major receipts are from installment sales. Theirs is a particular method of doing business. It is well known that a business of that character, because of the extent and risk of credit, the bookkeeping, and other activities involved, requires the charging of a higher price for the same quality of goods than that charged by a merchant con-

ducting business in the ordinary way. A further consideration is that the right of repossession of the goods upon default in payment of an installment is not only reserved but frequently exercised to the advantage of the seller. All these facts are set up in the answer of the city. When it comes to considering the subclassification of those who sell furniture, household goods, or wearing apparel, it is submitted by the city that, as necessities of life, their sale in this manner justifies a special or a higher tax than where the sale is of commodities not deemed to be necessaries.

This license tax must be regarded as a revenue measure. It seems to us that the singling out of the business of selling necessities for special licensing savors of iniquity rather than of reason. But the controlling factor in the judicial determination of validity is that of logical considerations of uniformity and equality. Here is a classification of business according to the methods of operation—as between the method of ordinary merchants and the installment plan. Then those following the latter plan are divided between those merchants who handle everything but house furnishings and wearing apparel and those who sell those necessities. The first class are exempt. The second, limited class, are taxed. The appellees point out that no dealers in any other kind of merchandise than furniture or clothing, either in the ordinary or customary manner of cash and credit sales or on the installment plan, are subject to the tax. Illustrative of the injustice and absence of uniformity and reasonableness, a merchant whose major receipts are from the installment sales of jewelry, bicycles, and other things, and not having to pay the license, may be in business next door to a merchant selling furniture on the same plan who would have to pay it. On the other side of him may be a merchant who sells furniture for cash and credit and on installments, but who would not have to pay such tax because less than half of his receipts are in installments.

It seems to us this discrimination bears no reasonable or just relation to the act in respect of which the classification has been made; that it is arbitrary and without a reasonable basis. It is like in character to the attempted classification by the Legislature for the imposition of a license tax of persons engaged in the sale of patent medicines while exempting druggists and

558

other merchants engaged in the same business although perhaps not exclusively. The statute was held unconstitutional because there was no reasonable or natural classification but an arbitrary and unequal discrimination in Commonwealth v. Payne Medicine Company, 138 Ky. 164, 127 S. W. 760. This case is ruled by that decision, the reasoning of which being in every respect applicable. See, also, Read v. Graham, 102 S. W. 860, 31 Ky. Law Rep. 569; City of Louisville v. Weikel, 137 Ky. 784, 127 S. W. 147, 128 S. W. 587; City of Danville v. Quaker Maid, 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590; City of Covington v. Dalheim, 126 Ky. 26, 102 S. W. 829, 31 Ky. Law Rep. 466.

Accordingly, the judgment holding the license invalid is affirmed.

Whole court sitting.