## Corbin Brick Co. et al. v. City of Somerset et al.

Oct. 27, 1939.

W. B. Morrow and M. L. Jarvis for appellants.

Chris L. Tartar and Gladstone Wesley for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In 1933 the Fourth Class City of Somerset in this Commonwealth, by its city council, enacted an ordinance levying a license occupation tax on various pursuits conducted and operated within the corporate limits. In

Section V of the ordinance it prescribed license fees from those engaged in operating vehicles in the transportation of goods, materials or other things for hire within the city and in which there was this classification and rate fixing—a vehicle drawn by one animal the license fee was $10; when drawn by two animals it was $15. Motor drawn vehicles so engaged were classified upon the basis of capacity—whereby a one-half ton vehicle was charged $20 annually, but between that and one and one-half tons capacity the annual license fee was $35, and all other such vehicles above one and one-half tons capacity paid $60 annually.

The plaintiffs and appellants are engaged in a business that the ordinance licenses and each of them operate within the city motor drawn vehicles not in excess of one and one-half ton capacity, but neither of them is engaged in the same kind of activity. They jointly filed this action in the Pulaski circuit court against the city and other officers having functions to perform with reference to its finances to recover from it the entire amount of license taxes paid to it under the ordinance from the time of its enactment to the filing of the action, both by themselves and all others coming within the provisions of the ordinance, and for whose use and benefit they filed the action, as well as for themselves. The ground alleged in the petition as a basis for the right of recovery sought was, that the ordinance was void in that it discriminated against plaintiffs and in favor of all operators of trucks subject to the license of higher capacities than one and one-half tons, which, as contended by plaintiffs, would permit a motor vehicle of the highest capacity to obtain a license and engage in business without being required to pay a corresponding higher license than the operator of one of only one and one-half tons capacity or less. It will, therefore, be seen that the objection to the validity of the ordinance, is, that it did not continue its classification upgrade of corresponding increased license fees until it reached the highest capacity of such vehicles. As presently advised, we would be very much inclined to hold that the alleged vice in the ordinance was unreal and the ground relied on unmeritorious. But that question was never presented at the trial court, either by a general demurrer to the petition or otherwise, since defendants filed no such demurrer, nor did they interpose any defense to the merits by any character of pleading, nor did the court determine the merits.

However, they did file a special demurrer to the petition based upon the ground that the total fund of all license fees paid to the city from the date of the passing of the ordinance—and sought to be recovered by plaintiffs—was not of the kind that one contributor thereto could sue both for himself and for the benefit of all contributors in an action exclusively for that purpose. Without waiving their special demurrer defendants entered motion that plaintiffs be required to elect which one of them might prosecute the action to recover for the amount that he had paid as license fees under the ordinance. The court sustained the special demurrer, and also the motion to elect, but without waiting for any action to be taken by plaintiffs it dismissed the petition, from which order this appeal is prosecuted. It will, therefore, be perceived that the sole question—as presented by both the special demurrer as well as the motion to elect—is, whether plaintiffs may sue for themselves and all others similarly situated to recover the entire fund in question?

Appellants' counsel cite in support of that right the two cases of Commonwealth for use, etc., v. Scott, 112 Ky. 252, 65 S. W. 596, 55 L. R. A. 597; and Commissioner of Sinking Fund v. Weis, 269 Ky. 554, 108 S. W. (2d) 515. Both of them with others cited in the opinions completely sustain appellants' contention and uphold the right of one or more tax payers to sue for and recover an entire accumulated fund made up of illegal taxes paid by themselves and others similarly situated, although plaintiffs individually may have contributed but a small part of that fund, which, after recovery would belong to all contributors in proportion to the amount paid by each. In that respect contributors to an illegally collected *tax* fund are deemed to occupy a different attitude towards it than contributors of a fund by those who did so under contractual or privately assumed obligations. In the latter class of cases the rule is that one contributor may not sue to recover any more of the fund than the amount he individually contributed, which class of cases is illustrated by those of Barriger v. Louisville Gas & Electric Company, 196 Ky. 268, 244 S. W. 690, 31 A. L. R. 1408; Batman v. Louisville Gas & Electric Company, 187 Ky. 659, 220 S. W. 318, and Union Light & Power Company v. Mulligan, 177 Ky. 662, 670, 197 S. W. 1081. But, as we have seen, the rule applied in that class of cases does not prevail when the

fund sought to be recovered was accumulated collections of an illegal tax, other than one for state revenue.

Nevertheless, counsel for the defendants and appellees rely on the Mulligan, Batman and Barriger cases supra (but which for the reasons stated do not apply), and in addition thereto they also cite and rely on the cases of Swiss Oil Corp. v. Shanks, Auditor, 208 Ky. 64, 270 S. W. 478, and Garfein v. Stiglitz, 260 Ky. 430, 86 S. W. (2d) 155. The Shanks case was one brought by a single tax payer to recover for himself and all other contributors an accumulated tax fund which had been collected by the commonwealth and not by a county, municipality or other taxing district, and which was collected pursuant to the provisions of a purely state revenue act, the right to recover which by the tax payer—should the tax for any reason be illegal—is given by Section 162 of our Statutes, and, since it requires the performance of precedent conditions by the aggrieved tax payer, it was held in the Shanks opinion that one of the contributors of the fund could not sue for the use and benefit of all the others to recover the entire fund. There is no corresponding similar statute with reference to illegally collected taxes by a fourth class city, whereby any such precedent conditions must be performed. However, in writing that opinion—and as an additional ground for the conclusion reached—the three cases supra (Mulligan, Batman and Barriger) were cited and then followed this statement [208 Ky. 64, 270 S. W. 479]: "And, upon authority of those cases, the judgment upon the direct appeal is affirmed."

The opinion had already denied the right of action—as brought by a single tax payer as based upon Section 162 of our Statutes conferring the right—and it was wholly unnecessary to attempt to base the right upon another ground. Therefore, there was no occasion for invoking that ground, especially so when it was wholly unsound and contrary to both previously and subsequently rendered opinions by this court. We, therefore, conclude that the action was maintainable by the plaintiffs, both for the use and benefit of themselves and of all others similarly circumstanced and who had contributed to the fund sought to be recovered in the same manner. We therefore conclude that the court erred in sustaining the special demurrer and the motion to elect, and also in dismissing the petition at that junc-

ture without even giving an opportunity to elect if such a course was desirable.

The result was that no question concerning the merits of the pleaded cause of action was ever presented or determined, since only questions of practice were disposed of. If in passing on them the court had based its ruling on a ground that was untenable, but which was sustainable on another ground—also presented by the record—then we would be authorized to affirm the judgment under a well established rule of practice to the effect that if the judgment is proper, though based on an insufficient ground, it will nevertheless be affirmed. But the occasion for the application of that rule, and the circumstances under which it may be applied, are not presented by the record as made up and brought here, since the undetermined question (the merits of the case) was left untouched, and the court erroneously determined only the question of practice, referred to. When that error is corrected—as we have held should be done—the case is then ready to be disposed of on its merits, either by a general demurrer to the petition or by responsive pleadings thereto. No such steps were taken, nor did the court pass on any such issues. It not having done so, we are without authority to engage in the de novo practice of doing so ourselves.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and to proceed in conformity with this opinion.