# Hurst et al. v. Paken Oil Co. et al.

June 17, 1941.

J. P. Harrison for appellants.

Duncan & Duncan and E. Bertram for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

On January 23, 1895, J. W. Miller and A. Miller, bachelor brothers, executed a mineral lease on 3,000 acres of land which they owned and possessed in Wayne county, Kentucky. Said lease is now held and being operated by appellee, the Paken Oil Company. The Millers were survived by several heirs at law who were named parties defendant herein. A public road traverses the property but the entire 3,000 acres remained in one tract until the land was separated in different tracts as hereinafter set out.

After the death of the Millers, the heirs divided the land into several tracts and sold them separately. They reserved the mineral rights in the property lying to the east of the road. Appellant, Stella B. Hurst, purchased the tract of land on the west side of the road and the deed to her contained no reservation of any kind. The leasehold was developed in accordance with the terms of the lease and many productive and valuable wells were drilled on that part of the property lying east of the road and royalties therefrom have been, and are now being paid, to the Miller heirs.

This action was instituted by Mrs. Stella Hurst to recover of appellees royalties under the aforesaid lease, from the time she acquired title to her property, in such proportion as the acreage owned by her bears to the whole of the property under lease.

The petition sets out the execution of the lease, copy of which was filed therewith; its material terms; the death of the original lessors; the acquisition of title by the heirs; the acquisition by Mrs. Hurst of the part owned by her; a copy of the deed to her; the continued production of oil from the leased premises; and the failure of the defendants to pay to the plaintiff any part of the royalties received from said lease. These allegations were followed by a prayer seeking the relief above recited and all other relief to which the plaintiff "in the premises" may be entitled. R. P. Hurst, husband of Stella Hurst, joined as party plaintiff.

The defendants filed a general demurrer to the petition which was sustained by the court, and, upon appellant's refusal to plead further, the petition was dismissed.

The Miller heirs contend that the lease executed in 1895 by the Miller brothers created a severance of the property under lease and the minerals named therein; that any subsequent conveyance of the land therein described operated to convey the surface alone; and that Mrs. Hurst was not entitled to any of the royalties or mineral rights under any part of the lease, not even such rights in the land she purchased from the heirs.

The Paken Oil Company suggests that Mrs. Hurst is entitled to the mineral rights in the lands she purchased and would be entitled to any royalties obtained from the development of such lands but it appears from the record that no royalties have been, or are now being paid by reason of any development on the land owned by her.

It has been established by the courts of this and other states that the heirs of land which has been leased by the ancestor for mineral development are entitled to participate in the royalties receivable under the lease in proportion to their rights to share the estate, where the order or agreement of partition makes no specific partition of the mineral rights. McIntire's Adm'r v. Bond et al., 227 Ky. 607, 13 S. W. (2d) 772, 64 A. L. R. 630; Cook v. Cook's Adm'r, 261 Ky. 501, 88 S. W. (2d) 27. The theory behind this rule is that the payment of royalties is recognized to be not only payment for the oil or gas produced by the lessee but also a consideration for holding the rest of the land under lease. But it cannot be doubted that the heirs in such circumstances would have the right to partition among themselves the right to the royalties the same as the right to the surface of the land in question, and, in doing so, it would be perfectly valid for them to enter into an agreement that each of the heirs should be entitled to the royalties on the oil drawn through the wells situate on that part of the leased premises conveyed to them. We are unable to see why they cannot by deed convey a like right to a third party, provided, all of the heirs agree to such conveyance.

It is argued that by the execution of the lease the surface rights were separated from the mineral rights in said property but such contention we believe to be unsound. The lease merely granted to the lessee the right to explore the property for oil and gas and when found to reduce it to possession and there is no sale

by the lessor to the lessee until the oil or gas has been reduced to possession by being extracted from under the lands. Therefore the execution of the lease being a mere right to explore and reduce to possession, makes no separation of the mineral and surface estates until after the minerals have been extracted from the ground.

The precise question under consideration in this case has been decided adversely to the contention of appellant in at least four jurisdictions. Northwestern Ohio Natural Gas Co. v. Ullery, 68 Ohio St. 259, 67 N. E. 494, 496; Kimbley v. Luckey et al., 72 Okl. 217, 179 P. 928; Fairbanks v. Warrum, 56 Ind. App. 337, 104 N. E. 983, 986, 987, 1141; Osborn v. Arkansas Territorial Oil & Gas Co., 103 Ark. 175, 146 S. W. 122. But in at least one jurisdiction it has been decided favorably to the contention of appellant. Wettengel v. Gormley, 184 Pa. 354, 39 A. 57; Id., 160 Pa. 559, 28 A. 934, 40 Am. St. Rep. 733. We have examined the Pennsylvania case and consider it to be contrary to the weight of authority. The rule adopted by the Indiana, Ohio, Arkansas and Oklahoma courts, as expressed in the cases above cited, seems to us to be sound and is as follows: Where an oil and gas lease is made by one party to another, covering one or more tracts of land, and is made to extend to the heirs and assigns of the parties, and different parties by purchase become the owners of separate portions of the one tract or to separate tracts of the whole, as the case may be, each owner is entitled to the oil and gas produced on his tract and to the royalties or rentals arising from the oil and gas produced by the wells located on such tract, provided, there is no reservation of the mineral rights in the deed. It follows as a necessary corollary that the owner of the individual tract has no right to the royalties or rents accruing under the lease by reason of gas or oil being extracted from wells not situate on his property.

Applying the rule to the facts of this case we find the lease under consideration did not convey any title to the gas or oil under the 3,000-acre tract, but only granted to the lessee the right to explore for oil and gas and reduce same to possession by means of wells. When so possessed it becomes personal property, the title to which is in the lessee, subject to the royalties provided by the terms of the lease. Such right extends to all of the oil and gas under the whole of the 3,000

acres and permits the lessee to bore for minerals under any or all parts of the leased premises. After producing wells had been drilled, the Miller heirs conveyed to appellant the land west of the road and by said conveyance parted with the entire title, including the mineral rights, to that part of the leased premises. Said conveyance, however, was subject to the right of the lessee to reduce the oil and gas to possession by drilling at any point on the entire tract and created in the appellant the right to receive royalties from the oil or gas which might be produced through wells drilled on the surface of her tract; but it did not affect in any wise the right of the heirs to receive royalties from wells drilled on the residue of the tract.

It appears from the briefs that the trial court sustained the demurrer upon the ground that the deed from the Miller heirs to Mrs. Hurst was a grant of the surface rights only in the tract described therein. With this view we are not in accord as we have hereinbefore indicated; but we consider that to be immaterial, because a correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor. Corbin Brick Co. v. City of Somerset, 280 Ky. 208, 132 S. W. (2d) 922.

For the reasons indicated, the judgment is affirmed.