## Martin v. Graf et al.

Jan. 27, 1942.

Wheeler & Wheeler, C. B. Wheeler and Simeon S. Willis for appellant.

Combs & Combs, Joe Hobson and George B. Martin for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves an oil and gas lease on a 300-acre tract of land in Floyd County executed by Jonah Webb and his wife in 1908. The lease came into the hands of the Kentucky-West Virginia Gas Company, an appellee herein, some time after 1927, the time of the institution of this action. The lease was executed for a period of three years, but it was continued from time to time by agreement of the interested parties. The first well was drilled in 1918, and two others had been drilled by 1924. Webb died in 1919, and his wife, who had a life interest in the property, died in 1924. Following Webb's death, an action was instituted by the children of his first wife with the view of recovering part of the property. It was decided in the case of Webb v. Webb, 200 Ky. 488, 255 S. W. 137, that the property belonged to Webb's wife and their children, Ida and Catherine. Catherine married a man named Martin and, in 1920, she instituted an action to have the land divided. She made her mother and sister, who had married the appellant herein, Ballard Martin, defendants. The mother and Ballard's wife died before that case was finally decided. The final outcome of the case, Webb v. Martin, 194 Ky. 360, 238 S. W. 1043, was that the land was divided between Catherine and Ballard, who had acquired his wife's interest under her will. The land was almost equally divided by Beaver Creek; Ballard took the tract east of the creek and

Catherine took the tract to the west. No mention was made of the oil and gas in either the judgment or the partition deeds. A receiver had been appointed in the case of Webb v. Webb, supra, to collect and disburse the royalties, and it was finally determined in 1925 that he disburse them by paying the part accruing from the one well on Ballard's tract to him and the part accruing from the two wells on Catherine's tract to her. This determination seems to have been satisfactory to both parties and subsequent royalties have been paid in the same manner. In September, 1926, Ballard demanded, through his attorney, that the holder of the lease develop it in accordance with the terms thereof for the portion of the Jonah Webb farm then owned by him. Catherine did not join in this notice, nor did she ever make any demand for offset or protection wells. No wells were drilled in accordance with Ballard's demand and he instituted this action in 1927.

Several grounds were set forth for cancellation of the lease, but the case seems to have been tried primarily on the question of whether or not the lease had been properly developed. During the pendency of the action a proposition was made under which the Kentucky-West Virginia Company, which had acquired the lease, agreed to drill a well on Ballard's land if he would dismiss his action, with the understanding that further development of the lease was to be determined from the result of that drilling and surrounding conditions. Ballard wanted several wells drilled so he rejected this offer and insisted on a cancellation of the lease. Two wells were drilled by the Gas Company, one in September, 1929, and one in March, 1930, on Catherine's tract near Beaver Creek. In 1930 Ballard filed an amended petition making the Kentucky-West Virginia Gas Company and Catherine Martin and her husband parties defendant, wherein he alleged that the last two wells had been drilled under the pretense of developing the whole boundary, but with the fraudulent purpose of avoiding the development of his tract. The Gas Company took the position in its answer that it had developed adequately the lease on the Jonah Webb tract in view of all the attending circumstances in that gas field; that it had offered to drill a well for Ballard and he had refused to permit it to do so; and that Ballard and his wife, by their silence and failure to object when the first three wells were drilled by a predecessor com-

pany, were estopped to claim that the lease had been forfeited. Catherine Martin and her husband answered, denying collusion with the Gas Company in the drilling of the wells in 1929 and 1930, and alleging that they were, by virtue of the judgments in the suits of Webb v. Webb and Webb v. Martin, supra, entitled to all of the gas on the tract which had been apportioned to Catherine and that the Kentucky-West Virginia Gas Company had failed to develop fully their tract. The Gas Company offered to pay the royalties on the last two wells into court. This was done and the final judgment awarded them to Catherine and her husband. In 1932, Ballard filed another amended petition in which he charged that the Gas Company was drilling wells on the lands of others adjoining the Jonah Webb lease and was taking gas from his lands through those wells, and that although the lease was forfeited the Company was continuing to take his gas without developing his tract, which would require at least five additional wells. He sought damages on this ground.

Final judgment was entered in the case in January, 1939, under which Ballard's petition as amended was dismissed against R. J. Graf, trustee, and the Kentucky-West Virginia Gas Company; the answer of Catherine and her husband, in so far as it was a counterclaim or cross petition against the Kentucky-West Virginia Gas Company, was dismissed; the royalties on the wells drilled in 1929 and 1930 were awarded to Catherine; and it was further adjudged that she was entitled to all the royalties on the wells drilled on her tract, and that Ballard was entitled to the royalties from the well drilled on his tract.

In appealing from that judgment, Ballard Martin is insisting that there has been a breach of the implied covenant for the development of the oil and gas lease in question. See Sauder v. Mid-Continent Petroleum Corporation, 292 U. S. 272, 54 S. Ct. 671, 78 L. Ed. 1255, 93 A. L. R. 454; Lawrence Oil Corporation v. Metcalfe, 241 Ky. 353, 43 S. W. (2d) 986; Warfield Natural Gas Company v. Allen, 248 Ky. 646, 59 S. W. (2d) 534, 91 A. L. R. 890; Central Kentucky Natural Gas Company v. Williams, 249 Ky. 242, 60 S. W. (2d) 580. Question is made also as to the remedy to be applied for the breach of such a covenant.

The Jonah Webb land is a long, narrow strip lying

along Beaver Creek. The well on Ballard's tract is at the extreme northerly end of it, while those on Catherine's tract are spaced along Beaver Creek ranging from 200 to 275 feet from it. Proof was advanced for the appellees to the effect that the lease on the Jonah Webb tract was properly developed; that there were more wells on it per acre than there were on the surrounding leases; that the wells were so located as to develop properly the whole lease; that one well in this area would develop 150 to 200 acres of land; that there was a limited market for gas in this section prior to 1927; and that there was a greatly increased development of gas fields in Floyd County after new methods of drilling wells were perfected (about 1927 or 1928), without a corresponding increase in markets. The general effect of the last mentioned testimony was to show that there was an over production of gas after 1928, and, especially, after the depression set in about 1931 or 1932. Naturally, all this tended to show that the Company had acted in good faith and had developed the lease as a reasonably prudent operator would have done. As said in Warfield Natural Gas Company v. Allen, supra, the operator's exercise of discretion is entitled to considerable weight, though it is not conclusive. The appellant advanced proof to the effect that the lease had not been developed adequately, and that it had not been done as a prudent operator would have developed it. However, the proof as a whole overwhelmingly supports the ruling of the chancellor in finding for the appellees as to the development of the lease.

It must not be overlooked that we are not considering independently the lease as it relates to Ballard's and Catherine's tract, but as it relates to the whole boundary of land formerly owned by Jonah Webb. As pointed out in Keystone Gas Company v. Allen, 227 Ky. 801, 14 S. W. (2d) 155, a lessor can not by subdivision of lands under a lease into separate tracts place an additional burden on the lessee to develop the separate tracts as units or separate leases.

The appellant raised the question of drainage for the first time in 1932. By his amendment raising the question he limited his damages to the period between July, 1927, the date he filed his suit, and July, 1932, the day the amendment was filed. It is obvious that he was not relying upon his notice of September, 1926, as a

notice to the lessee to drill offset wells. He was still insisting upon a cancellation of the lease, the basis of his original action. A lessor is not entitled to damages for drainage occurring prior to notice and damand for offset wells. Leeper Oil Company v. Rowland, 239 Ky. 295, 39 S. W. (2d) 486; Lawrence Oil Corporation v. Metcalfe, 266 Ky. 819, 100 S. W. (2d) 217; Central Kentucky Natural Gas Company v. Williams, supra. The question of drainage is an open one and may change from time to time in terms of varying conditions surrounding a lease when new developments take place or new wells are drilled in its proximity. A lessor may make demands for offset wells whenever he feels that he is justified in doing so.

It follows from what has been said, therefore, that the judgment should be and it is affirmed.