## Stauffacher v. Cook.

June 16, 1942.

Charles E. Whittle for appellant.

V. R. Logan for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Alex Cook instituted this proceeding against Clint Whittle and the owners of an oil and gas lease on a small tract of land to which he asserted ownership. He asked that he be made a party to a proceeding instituted by Whittle against the owners of the lease in order that he might assert his ownership therein and he asked also that the lease be cancelled. Cook alleged, among other things, that the lease had been forfeited, presumably by failure to develop it properly. Early in May, 1937, the

appellant, I. M. Stauffacher, filed a pleading entitled "Motion to be made party, General Demurrer and Cross Petition and Answer of I. M. Stauffacher." After asserting that he was a joint owner, Stauffacher set forth that the owners of the lease had entered upon the premises in question and drilled a producing well; that by virtue of an agreement between the leaseholders and property owners, royalties were paid in money in lieu of in oil as provided in the lease; and that on the —— day of ——, 1937, Cook entered upon the lease without the knowledge and consent of its owners and cut loose the pump from the well and placed a lock thereon and locked the gates leading to it so as to prevent the owners from operating the well. Cook filed no response to Stauffacher's pleading.

Only the depositions of Mr. and Mrs. Cook were taken. They were not cross-examined. They said that, after the execution of the lease in 1932, and their purchase of the property covered by it in 1933, the royalties were paid to them in money. Their depositions indicated that there had been some differences between them and the owners of the lease as to the payment of the royalties and the manner in which the lease was to be operated, but it is apparent from their statements that there had been no abandonment of the lease. Cook said that he did not think the well had been pumped as it should have been to get the greatest amount of production from it. He said, however, that Clint Whittle had been pumping it for the operators "lately," and ever since he and Mrs. Cook had owned the property.

In asking that the judgment be reversed Stauffacher insists that there is nothing in the pleadings or proof upon which the judgment cancelling the lease can be sustained. We are of the same opinion. There was no responsive plea to Stauffacher's answer, and, as we have indicated, the depositions of the Cooks showed that the well was being operated. There is no denial of the assertion that the pumping stopped because Cook locked the well and the gates leading thereto. As said in Martin v. Graf, 289 Ky. 272, 158 S. W. (2d) 637, the discretion of the operator in the managing and operating of a lease is entitled to considerable weight, though it is not conclusive. In the case before us the lease was being operated by Whittle's pumping of the well for the owners and some royalties were being turned over to and

accepted by the Cooks. Cook's mere statement that the well was not being pumped regularly, or as it should have been to get the greatest amount of production, does not, in our opinion, constitute a basis for the cancellation of the lease.

Judgment reversed with directions that it be set aside and for the entry of a judgment in conformity with this opinion.