## Hammond v. Hammond et al.

Jan. 12, 1943.

C. F. See, Jr., for appellant.

Eldred E. Adams and Chesley A. Lycan for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In the case of Hurst v. Paken Oil Co., 287 Ky. 257, 152 S. W. (2d) 981, 983, we applied the rule followed in several jurisdictions to the effect that:

"* * * Where an oil and gas lease is made by one party to another, covering one or more tracts of land, and is made to extend to the heirs and assigns of the parties, and different parties by purchase become the owners of separate portions of the one tract or to separate tracts of the whole, as the case may be, each owner is entitled to the oil and gas produced on his tract and to the royalties or rentals arising from the oil and gas produced by the wells located on such tract, provided, there is no reservation of the mineral rights in the deed. It follows as

.a necessary corollary that the owner of the individual tract has no right to the royalties or rents accruing under the lease by reason of gas or oil being extracted from wells not situate on his property.''

The judgment in the case at bar was entered prior to the rendition of our opinion in the Hurst case, supra, and followed the pro ration rule in apportioning gas royalties. We are asked to reverse the judgment on the authority of the Hurst case.

· The appellee, Wilma Hammond, became the owner of approximately one-fourth of a tract of land containing 159 acres subsequent to the execution of an oil and gas lease on the whole tract and the drilling of a productive gas well. Her deed contained no provision as to the allocation of royalties.

Being of the opinion that the rule approved in the Hurst case is the correct one to be applied in a case such as this, it is our view that the judgment should be and it is reversed, with directions that it be set aside and for the entry of a judgment in conformity with this opinion.