### ROWE v. ASHLAND OIL & REFINING CO., et al.

Court of Appeals of Kentucky.
May 25, 1951.

Mann & Mann (Marcus Mann), Salyersville, for appellant.

McDonald & McDonald, Lexington, Earl R. Cooper, Salyersville, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment dismissing the petition of the appellant, A. B. Rowe, which he suffered to be done after a demurrer was sustained to it.

We state the substance of the allegations. On November 5, 1946, plaintiff executed an oil and gas lease of sixty acres to the defendant, Ashland Oil and Refining Co., which at the same time obtained a lease of the adjoining land of Charley Rowe. The lease is in the usual form, which impliedly called for the drilling of a well within a year but expressly provided for successive payments of $30 annually to the lessor which should "operate as rental and cover the privilege of deferring the commencement of a well for twelve months." Both plaintiff's and his neighbor's leases were assigned to the defendants, Dave Compton and Raymond Long, on July 20, 1948, with the retention of overriding royalties. No well was drilled on plaintiff's land. It is charged that the defendants "effected a forfeiture of said wells November 5, 1948, after having drilled an excellent gas well" on the Charley Rowe lease. That was 41½ feet from the boundary line. It is charged that the "well drained or drew from the land of A. B. Rowe large quantities of gas which to date would have been worth to him $10,000; that his future loss from said drainage should reasonably amount to $10,000." It is further charged that the defendants, "together, or separately, either fraudulently, negligently, or by the exercise of bad faith failed to drill a well on said A. B. Rowe's land, in compliance with their lease, knowing that as to themselves they could obtain the gas by one well, namely that of Charley Rowe, thereby obviating the necessity of drilling a well on the land of A. B. Rowe and thus saving themselves an additional expense, but at the same time depriving A. B. Rowe of his property, or the right to subject the gas to his dominion, without just compensation." It is alleged that after the "surrender of said lease" the plaintiff was unable to lease his land to another because of the proximity of the adjacent well. Judgment for $20,000 was prayed.

Aside from containing only conclusions in several respects, the petition is deficient by reason of material omissions.

All will agree upon the general propositions of the appellant with respect to the lease being valid and that one may not be deprived of his property without due process of law or compensation, as well as with those with respect to the liability of a lessee for failing to develop the leased property within the terms of the lease or for wrongfully extracting gas. There is no doubt either that there is an implied covenant by the lessee to protect the lessor from drainage. But the appellant overlooks the law respecting the enforcement of the implied covenant of protection and ignores the expressed statutory liability of a lessee and the correlative right of the lessor.

The payment of rentals for deferring the drilling, of course, gave the lessee the right to defer. The law is that where there is danger of drainage, the lessor must give notice and make an unconditional demand that the property be developed by sinking sufficient off-set wells within three months thereafter. This is prescribed by KRS 353.040. The statutory penalty for a failure to comply is limited to the automatic forfeiture of the lease. The lessor may not recover damages for drainage occurring prior to the such notice and demand. Central Kentucky Natural Gas Co. v. Williams, 249 Ky. 242, 60 S.W. 2d 580; Martin v. Graf, 289 Ky. 272, 158 S.W.2d 637. The plaintiff does not say when the well was brought in on the adjoining property or that it produced mar-

ketable gas. He does not state that notice was given or demand made upon the lessors for an off-set well. Indeed, he pleaded that the defendants had voluntarily surrendered their lease, which is all that he could have obtained under the statute had the lessor been derelict.

The judgment is affirmed.