HURST v. KENTUCKY OIL & DISTRIBUTING CORP.

Court of Appeals of Kentucky.

Jan. 23, 1953.

Rehearing Denied March 20, 1953.

468

W. C. Dabney, Monticello, for appellant.

Parker W. Duncan, Monticello, for appellee.

CAMMACK, Justice.

Mrs. Stella B. Hurst owns two parcels of land which were originally a part of a 3000 acre tract owned by J. W. and A. Miller. The Millers leased their land for oil and gas in 1895. Mrs. Hurst came in possession of her two tracts sometime after 1924. Prior to that time there had been a few wells drilled on her property, but no oil or gas has been produced on her lands since she has owned them. In the case of Hurst v. Paken Oil Company, 287 Ky. 257, 152 S.W.2d 981, we held that Mrs. Hurst was not entitled to any part of the royalties accruing under the original lease from wells not located on her lands.

In the present action Mrs. Hurst seeks to have canceled the oil and gas lease, as it pertains to her property, which is now held by the Kentucky Oil and Distributing Corporation. The old Miller lease was a very productive one, but only small amounts of oil and gas are being produced under it now. According to a stipulation of facts, the appellee had started a comprehensive repressuring program about a year before the institution of this action. That activity covers all of the original Miller lease. Approximately $100,000 had been spent on this work when this action was tried. The stipulation shows that one of the repressuring wells is located very close to Mrs. Hurst's property, so it stands to reason that, should the repressuring program prove successful, she would stand to benefit, along with other owners of the old Miller tract. Of course, we do not mean to say that the repressuring activity could be supposed to produce proportionately a larger amount of oil and gas on Mrs. Hurst's property than was produced when the original operations were begun under the Miller lease.

As said in Martin v. Graf, 289 Ky. 272, 158 S.W.2d 637, the subdivision of lands under a lease into separate tracts places no additional burdens on the lessee to develop the separate tracts as units or separate leases. It may be, as contended by Mrs. Hurst, that a lessee's actions could constitute an abandonment or forfeiture of a part of an original large lease, but we find no facts warranting such a conclusion in the case at hand. The original wells drilled on Mrs. Hurst's property were less productive than were some of those on other parts of the Miller lease. This she knew when she bought her two tracts. The repressuring program under the old Miller lease was inaugurated in good faith. This of itself shows that the appellee to date has no intention of forfeiting or abandoning all or any part of the original Miller lease.

Judgment affirmed.

DUNCAN, J., not sitting.