**CITY OF ST. MATTHEWS, Appellant,**

v.

**Charles R. TRUEHEART, Trustee, et al.**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1954.

Rehearing Denied Jan. 21, 1955.

C. Maxwell Brown, Louisville, for appellant.

Leon Seidman, Louisville, for appellees.

CULLEN, Commissioner.

Certain owners of property in territory that was annexed by the City of St. Matthews in September, November and December, 1953, brought action against the city attacking the validity of Ordinance No. 1, Series 1954, of the city, by which ordinance the city provided for the assessment, levy and collection of taxes for the period from January 1 to December 31, 1954, which constituted the 1954 fiscal year of the city. The court declared the ordinance invalid, and enjoined the city from assessing, levying or collecting taxes under the ordinance against property in the annexed territory. The city has appealed.

For a proper understanding of the issues involved, it is necessary to review some of the statutory provisions relating to city and county taxes.

Under KRS 92.020, a city of the sixth class (which St. Matthews was at the time the ordinance in question was enacted), may choose January 1, June 1 or July 1 as the beginning date of its fiscal year. (St. Matthews had chosen January 1.) Under KRS 92.420(5), the regular assessment date for taxes in sixth-class cities is July 1. Under KRS 92.520 and 92.530, detailed procedure is provided for assessments and equalization of assessments by sixth-class cities.

Under the city statutes mentioned above, in a city having a fiscal year coinciding with the calendar year, property would be assessed as of July 1 *preceding* the beginning of the fiscal year; the assessment rolls would be made out in September and October, KRS 92.520; and the equalization would be completed in December, KRS 92.530. Thus the city would be in a position to begin collection of the taxes early in the fiscal year, KRS 92.540.

Under KRS 132.285, any city has the option of adopting the *county* assessment date, assessment valuation, fiscal year, tax levy date, and due and delinquency dates, in lieu of using the city statutes. The county fiscal year begins on July 1, KRS

68.060; the assessment date for county taxes is January 1 *preceding* the beginning of the fiscal year, KRS 132.220; the assessment procedure, including equalization, normally is completed by June 30, KRS 133.180; and taxes become due in September and delinquent in January, KRS 134.020.

It will be observed that if a sixth-class city uses the regular city statutes, with a January 1–December 31 fiscal year, the assessment date is July 1 preceding the commencement of the fiscal year. On the other hand, if the city adopts the county fiscal year of July 1 to June 30, and the county assessment, the assessment date is January 1 preceding the commencement of the fiscal year. In either case the assessment date precedes the beginning of the fiscal year by six months.

The difficulty in the case now before us is that the City of St. Matthews has attempted to use the county assessment date of January 1, 1954, for the city fiscal year which commences on January 1, 1954. At least this appears to be what the city is trying to do, although the wording of the ordinance in question, and the procedure the city actually has followed, are not entirely in accord. One thing is clear—that the city is attempting to collect taxes, early in 1954, on property that was annexed to the city late in 1953.

The ordinance of January 1, 1954, while making reference in its preamble to KRS 132.285 (which authorizes cities to adopt the county assessment), does not in terms adopt the county assessment. It provides that the property in the city shall be assessed as of January 1, 1954, *by the city assessor,* and that he shall deposit his assessment with the city clerk on or before January 1, 1954. The taxes based on the assessment are made due and payable on January 1, 1954, and delinquent on April 1, 1954.

What actually was done under the ordinance, and apparently what the city council expected to be done, was that the city assessor copied the county assessment as

of January 1, 1953, and filed it as the city assessment.

■ We have no difficulty in concluding that the lower court correctly invalidated the ordinance. The city could not adopt any January 1 as the date of assessment for city taxes, except by an ordinance under KRS 132.285 adopting the county assessment date. Even if the ordinance which the city did enact should be construed as adopting the county assessment date, it could not adopt January 1, 1954 as the assessment date for the fiscal-calendar year 1954, because KRS 132.285 provides that an adopted county assessment shall serve as the basis for the city tax levy for the first fiscal year *commencing after* the county assessment date. It is clear that KRS 132.285 contemplates a period of time between the assessment date and the beginning of the fiscal year, in order that the assessment and equalization procedure may be completed before the tax levy is made.

■ Although the City of St. Matthews could have adopted the January 1, 1953 county assessment date, as the assessment date for 1954 city taxes, it could not levy 1954 taxes against the *annexed* property on such assessment, because the annexed property was not a part of the city on that date. City of Latonia v. Meyer, 86 S.W. 686, 27 Ky.Law Rep. 746.

■ Counsel for the city seems to be concerned that unless the ordinance is upheld, inequality will result because property in the original city will be subject to taxes "for" 1954, while the annexed property will not. He overlooks the fact that liability for ad valorem taxes is related to an *assessment* date, rather than a levy date or a collection date. National Distillers Products Corp. v. Bd. of Education, Ky., 256 S.W.2d 481. While the taxes which the city intends to collect in 1954 may be considered to be levied "for" 1954, in actuality they are based on a tax liability that can accrue only from the presence of the property in the city on a 1953 assessment date. No inequality will result, because all property within the city on any particular assessment date will be liable for one year's taxes based upon valuation as of that assessment date.

■ Another contention of the city is that the appellee taxpayers could not maintain this action as a class action on behalf of all taxpayers similarly situated. However, we think the action clearly involved common questions of law and a common relief, such as to authorize a class action under CR 23.01. See Herbert C. Heller & Co. v. Hunt Forbes Const. Co., 223 Ky. 168, 3 S.W.2d 206; Corbin Brick Co. v. City of Somerset, 280 Ky. 208, 132 S.W.2d 922. The cases of Swiss Oil Corp. v. Shanks, 208 Ky. 64, 270 S.W. 478, and Garfein v. Stiglitz, 260 Ky. 430, 86 S.W.2d 155, relied on by the city are not applicable. The Shanks case involved a suit for refund of state taxes, under a statute, and was controlled by the provisions of the statute. In the Stiglitz case there was an attempt to obtain a refund of isolated, independent overcharges to various individuals by a county court clerk, and the relief sought was not common.

■ In its answer in the action below, the city asked the court, in the event the ordinance should be held invalid, to make a declaration as to the proper method of assessing and levying taxes for the year 1954. The city complains, on appeal, of the failure of the court to make such a declaration. We think it is clear that any such declaration as was sought would have constituted nothing more than an advisory opinion, the giving of which is not a proper function of the courts in declaratory judgment proceedings. Commonwealth v. Crow, 263 Ky. 322, 92 S.W.2d 330.

■ A motion has been filed by the appellees, calling attention to another taxing ordinance enacted by the city in June 1954, and asking that the appeal be dismissed as moot, on the theory that the June ordinance impliedly repealed the January ordinance which is the subject of the judgment in this action. Without elaboration, we will say that it appears that certain

rights and obligations growing out of the January ordinance, such as the right to refund of taxes already paid under that ordinance, will still be in issue even if the ordinance was repealed. Therefore the case is not moot, and the motion to dismiss is overruled.

The judgment is affirmed.