David W. LAMAR, Individually and as representative of the class of litigants and attorneys who have paid and have been charged fee bills by the Sheriffs of Daviess County, Kentucky, from January 1973, to the present; and also the class of persons who will or may be charged fee bills in the future, Appellants,

v.

OFFICE OF the SHERIFF OF DAVIESS COUNTY, Kentucky, Harold Taylor, Sheriff of Daviess County, Kentucky, Charles "Boots" Norris, former Sheriff of Daviess County, Kentucky, the members of the class of Deputy Sheriff's of Daviess County, Kentucky, who have participated in the policy of charging illegal fee bills since January, 1973 and the Ohio Casualty Insurance Company, Appellees.

Court of Appeals of Kentucky.

April 27, 1984.

As Modified May 11, 1984.

David W. Lamar, pro se.

William L. Wiesman, Owensboro, for appellants.

Robert M. Kirtley, Daviess County Atty., D. Allen Youngman, Asst. County Atty., Marvin P. Nunley, Owensboro, for appellees.

Before HAYES, Chief Judge, and COOPER and DUNN, JJ.*

DUNN, Judge.

The appellant, David W. Lamar, filed a complaint against the Sheriff of Daviess County, his predecessor, his deputies, and his surety for alleged illegal fee bills. The action was brought individually and as representative of the class of litigants and attorneys who have paid such fee bills since January, 1973, or who may be required to do so in the future. The appellees are these defendants and they are represented by the Daviess County Attorney.

The suit alleged that appellant and those he purported to represent were charged excessive fee bills for the service of process in civil cases in Daviess County. A flat $4.00 mileage expense charge was assessed together with a fee charge. There is proof before us that the fee charges varied in many instances, for example on service of a summons, it was $6.00 in some cases while in others it was $9.00. The appellant demanded damages for himself and those of the class he purports to represent for reimbursement of the overcharges. He also prayed for future injunctive relief.

The defendant appellees in addition to answering, filed a counterclaim for collection of any shortages they may have incurred as a result of the flat $4.00 mileage expense charge.

The trial court on June 15, 1981, entered an order overruling the appellant's motion to dismiss the counterclaim and overruling a motion to dismiss the complaint. On that same date, the trial court entered a separate order overruling the appellant's motion that the action be allowed to be prosecuted as a class action. On September 1, 1982, the trial court entered its order dismissing the action with prejudice at the appellant's cost for lack of jurisdiction. It is from this order that the appellants prosecute this appeal.

He alleges three grounds for error; 1) the trial court erred in dismissing the plaintiff's complaint for lack of jurisdiction; 2) it erred by refusing to certify the action as a class action; and, 3) it erred by overruling the appellant's motion to dismiss the defendant's counterclaim.

We shall address the issue of the class action which will be dispositive of the other two issues;

Civil Rule 23.01 provides four prerequisites to a class action:

(a) The class is so numerous that joinder of all members is impracticable,

(b) There are questions of law or facts common to the class,

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(d) The representative parties will fairly and adequately protect the interests of the class.

If these prerequisites are satisfied, Civil Rule 23.02 provides in pertinent part:

... (c) the court finds that the questions of law or facts common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The matters pertinent to the findings include:

(i) The interest of members of the class individually controlling the prosecution or defense of separate actions;

(ii) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(iii) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

---

* The third judge originally assigned to this panel recused himself at the time of oral arguments; the parties agreed to argue the appeal before a two-judge panel. Chief Judge Hayes was subsequently assigned to this panel to meet the constitutional requirement that appeals be decided by a panel of not less than three judges of the court. Ky. Const. § 111(4). *See also* SCR 1.030(7)(a).

(iv) The difficulty likely to be encountered in the management of a class action. . . .

■ We do not disagree with the trial court's opinion and order denying the appellant's motion to maintain this action as a class action. Likewise, we do not disagree with his reasons for doing so. We are of the opinion that he correctly found that the case met all of the requirements of CR 23.01 except possibly CR 23.01(c) in that the claim of the representative party is not necessarily typical of the claims of the class. We also agree with the trial court in its opinion that even though the requirements of CR 23.01 were satisfied, under CR 23.02(c)(iv) the difficulties likely to be encountered in the management of the case far outweighed any advantages treating it as a class action might have. Even though these reasons are sufficient to justify the trial court in denying the appellant his demand for this case to be treated as a class action, we are of the opinion there is a far more important reason that also addresses the issue of a Circuit Court's jurisdiction to hear the case at all.

Appellant in bringing his action relies on KRS 64.460.· It is as follows:

ILLEGAL FEE–BILL MAY BE EXAMINED BY CIRCUIT JUDGE: PROCEEDINGS

(1) Any person who pays any fee-bill or claim for fees which he believes contains an erroneous, improper or illegal item, or charge for services not actually rendered, or does not comport with the law in every respect, may hand the fee-bill to the circuit judge of the county in which he resides, and if there is any item in the fee-bill not authorized by law or if it does not comport with the law in every respect, the circuit judge shall quash the fee-bill, and order the officer to repay the amount of the fee-bill to the person who paid it, and pay the costs of the proceeding.

(2) The judge shall enter a fine against the officer who issued the fee-bill, in favor of the person aggrieved, of not less than one dollar ($1.00) nor more than four dollars ($4.00) for each illegal item contained therein. The production of the fee-bill by the party charged shall be prima-facie evidence of its payment.

(3) If the judge is of the opinion that there is no improper charge or illegal item in the fee-bill, he shall restore it to the person placing it in his hands, without costs or expense.

(4) A fieri facias, indorsed that no surety is to be taken, may issue in behalf of the person aggrieved for all the sums and costs adjudged under this section.

(5) Before any judgment is entered under the provisions of this section, the defendant in the proceeding must be given at least two (2) days' notice thereof by rule or otherwise.

■ This statute provides the exclusive proceeding that our Legislature has made available to compel repayment of illegal amounts charged for fees such as those with which we are concerned. It is a summary proceeding and its provisions must be strictly adhered to. *Commonwealth v. Ray*, 275 Ky. 758, 122 S.W.2d 750 (1938). *Black's Law Dictionary* 1084 (rev. 5th ed. 1979), defines a summary proceeding as: "Any proceeding by which a controversy is settled, case disposed of, or trial conducted in a prompt and simple manner, . . . or in other respects out of the regular course of the common law." In other words, a proceeding in which the established course of legal proceedings is disregarded is a "summary proceeding." In the instant case no formal pleadings were required since the total procedure consists of presenting the fee bill to the circuit judge.

■ The appellant tried to adhere to this requirement of the statute by handing the complaint to the circuit judge and alleged that he was doing so in an effort to follow this statutory requirement. He contends that this is to be interpreted as a broadening of this act of presentment so as to meet the requirements of the individual members of the class in their particular instances. We do not agree. If for no other reason, the ultimate action by the trial court in dismissing the complaint would be

justified simply on the basis that the procedure established by the statute for redress of the wrong created by the illegal fee bill was not strictly complied with.

Assuming, arguendo, that the appellant's manner of proceeding was a proper one, it still could not be maintained as a class action. Obviously the claim of appellant is far short of the then minimum jurisdictional amount of $1,500.00 for circuit court jurisdiction. The same is true with respect to the individual claims of the parties that he urges to be included in the class action. His position seems to be that the aggregate of the individual claims, however, would far exceed a Circuit Court's jurisdictional amount. We do not quarrel with his mathematics. We disagree with its application.

■ Kentucky courts to our knowledge have not as yet addressed this issue in this light. The federal courts have done so, however, in interpreting their companion rule in what is also its Rule 23 "Class Actions" in determining the propriety of aggregation of individual claims in determining the issue of whether or not the minimum federal jurisdictional amount is present in potential class actions. The United States Supreme Court in *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969), stated:

> Under old Rule 23, class actions were divided into three categories which came to be known as "true," "hybrid," and "spurious." True class actions were those in which the rights of the different class members were common and undivided; in such cases aggregation was permitted. Spurious class actions, on the other hand, were in essence merely a form of permissive joinder in which parties with separate and distinct claims were allowed to litigate those claims in a single suit simply because the different claims involved common questions of law or fact. In such cases aggregation was not permitted: each plaintiff had to show that his individual claim exceeded the jurisdictional amount.

In a more recent decision, *Zahn v. International Paper Company*, 414 U.S. 291, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973), the United States Supreme Court further stated:

> This distinction and rule that multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit in the federal courts were firmly rooted in prior cases dating from 1832, and have continued to be accepted construction of the controlling statutes.... The rule has been applied to forbid aggregation of claims where none of the claimants satisfies the jurisdictional-amount.... It also requires dismissal of those litigants whose claims do not satisfy the jurisdictional-amount, even though other litigants assert claims sufficient to invoke the jurisdiction of the federal court.

We are of the same opinion with respect to our CR 23. We specifically hold, therefore, with respect to CR 23, that the sums of the individual claims of the respective parties may not be aggregated in order to meet the jurisdictional amount requirements for an action to be brought in the circuit court and be maintained as a class action where none of the individual claims is equal to or exceeds the statutory jurisdictional amount.

■ Consequently, in addition to those reasons already expressed, the trial court did not err in denying the appellant's motion to maintain his complaint as a class action. It also follows that, since the class action feature of the case no longer was present, the appellant, David W. Lamar, stood alone with his claim which was also under the jurisdictional amount. Therefore, the trial court had no choice but to dismiss his individual complaint with prejudice for lack of jurisdiction, and it did not err in so doing.

■ With respect to the appellant's contention concerning the appellee's counterclaim, we interpret the ultimate order entered by the trial court in dismissing the complaint as also dismissing the counterclaim. In any event, the same reasoning

and rules recited above apply to the counterclaim of the appellees as apply to the claims of the appellant and the alleged members of the class. The counterclaim likewise cannot be maintained, in the absence of the class action, in a manner that is within the jurisdiction of the circuit court. The trial court should enter an order dismissing it.

We feel it proper to comment that our holding both with respect to the class action issue and with respect to Lamar's individual claim could not be maintained in a District Court because the summary statutory proceeding as provided for in KRS 64.460, *supra*, presentment of the fee bill to the circuit judge is the exclusive method of relief provided by the legislature.

The judgment of the Daviess Circuit Court is AFFIRMED and REMANDED for entry of orders consistent with this opinion.

All concur.