RENDERED: AUGUST 26, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0530-MR

DOUGLAS IMHOFF; PATRICIA IMHOFF; APPELLANTS
VIVIAN HAMILTON; JACK HARRIS, JR.;
DONNA HARRIS AND MARGARET
JOHNSON

|  | ON REVIEW FROM COURT OF APPEALS |
| V. | NO. 2020-CA-0711 |
|  | CLAY CIRCUIT COURT NO. 16-CI-00102 |

HONORABLE OSCAR GAYLE HOUSE, APPELLEE
JUDGE, CLAY CIRCUIT COURT

AND

VINLAND ENERGY OPERATIONS, LLC; REAL PARTIES IN INTEREST
VINLAND ENERGY, LLC AND
VINLAND ENERGY EASTERN, LLC

**OPINION OF THE COURT BY JUSTICE VANMETER**

**<u>AFFIRMING</u>**

Douglas Imhoff and others appeal from the Court of Appeals' order

granting Vinland Energy's petition for a writ of prohibition of the first class,

thereby vacating the Clay Circuit Court's denial of Vinland's motion to dismiss

Appellants' claim for breach of contract. For the following reasons, we affirm.

## I. Factual and Procedural Background

The appellants in this case, Douglas and Patricia Imhoff, Jack and

Donna Harris, Margaret Johnson and Vivian Hamilton (collectively referred to

as "the Lessors"), are Kentucky landowners who leased their land to Vinland Energy, an oil and gas producer.[1]  Under the three separate lease agreements — the Imhoff lease, the Harris lease, and the Johnson/Hamilton lease — Vinland acquired the right to extract oil and gas from the Lessors' land, in exchange for one-eighth of the market price of all oil and gas taken.  The Lessors are aware of at least thirty-five other Kentucky landowners with identical leases.  The leases are silent with respect to the apportionment of severance taxes.

Until 2015, Vinland deducted severance taxes as post-production costs before paying royalties to the Lessors.  The royalty statements the Lessors received disclosed the precise amount of severance tax deducted from each royalty check paid to each named Lessor.  The record reflects that Vinland ceased deducting severance taxes in 2015 following the issuance of this Court's opinion in *Appalachian Land Co. v. EQT Production Co.*, which held, as a matter of first impression, that in the absence of a specific lease provision apportioning severance taxes, natural gas lessees may not deduct severance taxes or any portion thereof prior to calculating a royalty value.  468 S.W.3d 841 (Ky. 2015).

---

[1] Vinland Energy Operations, LLC ("VEO") serves as operator on the leased properties for Vinland Energy Eastern, LLC ("VEE").  Vinland Energy, LLC is the parent corporation of the sister subsidiaries VEO and VEE.  Only VEE is the signatory to the leases.  For ease of reference, we will refer to the Real Parties in Interest collectively as "Vinland."

In April 2016, the Lessors filed a breach of contract class action suit in Clay Circuit Court alleging that Vinland impermissibly deducted severance taxes as a post-production cost before paying them royalties. Vinland moved to dismiss on grounds that the circuit court lacked subject-matter jurisdiction over the claims because none of the Lessors met the required amount in controversy. The circuit court summarily denied Vinland's motion for dismissal[2] as well as its motion for reconsideration. Vinland then sought a writ of prohibition, which the Court of Appeals granted on the basis that the circuit court lacked subject-matter jurisdiction. This appeal followed.

## II. Standard of Review

"The Court of Appeals shall have appellate jurisdiction only, except that it may . . . issue all writs necessary in aid of its appellate jurisdiction[.]" KY. CONST. § 111(2). "Thus, whether to grant or deny a petition for a writ is not a question of jurisdiction, but of discretion." *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004) (citing *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)). We, then, review the Court of Appeals' decision to grant the writ for abuse of discretion. *Appalachian Racing, LLC v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016). "That is, we will not reverse the lower court's ruling absent a finding that the determination was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

---

[2] The Court of Appeals reviewed the motion as one for summary judgment rather than one to dismiss because Vinland attached an affidavit to the motion.

3

### III. Analysis

"Because writs interfere with both the orderly, even if erroneous, proceedings of a trial court and the efficient dispatch of our appellate duties, the courts of this Commonwealth have periodically attempted to formulate a rule governing the discretionary choice between issuing a writ and relegating a petitioner to the right to appeal."[3]  *Hoskins*, 150 S.W.3d at 5-6.  The modern rule for a writ of the first class states: "A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court[.]"  *Id.* at 10.

"Jurisdiction, when used here, refers to subject-matter jurisdiction: the authority not simply to hear this case, but *this kind of case*."  *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) (internal quotations and citations omitted).  "A court acts outside its jurisdiction, accordingly, only where it has not been given, by constitutional provision or statute, the power to do anything at all."  *Id.* (citation omitted).  "The 'no remedy through an application to an intermediate court' requirement simply means that a writ petition must be first addressed to the next higher court."  *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53 (Ky. 2007) (citation omitted).  Here, the challenged writ action was correctly initiated in the Court of Appeals.  Thus, we must

---

[3] *See* KY. CONST. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court[.]")

4

determine whether the circuit court was about to proceed outside of its jurisdiction.

"The Circuit Court shall have original jurisdiction of all justiciable cases not vested in some other court[.]" KY. CONST. § 112(5). "The district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly." KY. CONST. § 113(6). "[The] District Court shall have exclusive jurisdiction in: (1) [c]ivil cases in which the amount in controversy does not exceed five thousand dollars ($5,000), exclusive of interests and costs, except . . . matters of equity[.]" KRS[4] 24A.120(1).

"In interpreting a statute, this Court must be guided by the intent of the legislature in enacting the law." *Cnty. of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 611 (Ky. 2002). Further, "the failure of the legislature to change a known judicial interpretation of a statute [is] extremely persuasive evidence of the true legislative intent." *Rye v. Weasel*, 934 S.W.2d 257, 262 (Ky. 1996).

### A.  *Lessors Do Not Meet Required Amount in Controversy.*

The Lessors contend that although no plaintiff seeks more than five thousand dollars in damages, and in fact, the named plaintiffs combined do not seek more than five thousand dollars, the aggregated claims of the named plaintiffs and unnamed class members may exceed the five-thousand-dollar threshold. The Lessors thus urge the amounts in controversy be aggregated.

---

[4] Kentucky Revised Statutes.

In *Hensley v. Haynes Trucking, LLC*, we clarified that "a trial court needs subject-matter jurisdiction over only one claim to exercise its power and determine whether class certification is appropriate." 549 S.W.3d 430, 439 (Ky. 2018). Implicit in our holding is the requirement that a trial court have subject matter jurisdiction over *at least* one claim. The requirement has been clear since *Lamar v. Office of Sheriff*, 669 S.W.2d 27, 31 (Ky. App. 1984),[5] which the Lessors now ask us to overturn.

The Lessors argue that the *Lamar* court erroneously relied on U.S. Supreme Court cases which construed strictly the statutory phrase "matter in controversy."[6] The Supreme Court cases,[7] the Lessors contend, strictly construed jurisdictional statutes because federal courts have limited jurisdiction. By contrast, Kentucky circuit courts have general jurisdiction, which, Lessors argue, should create a presumption against divestiture of its jurisdiction.

---

[5] "[T]he sums of the individual claims of the respective parties may not be aggregated in order to meet the jurisdictional amount requirements for an action to be brought in the circuit court and be maintained as a class action where none of the individual claims is equal to or exceeds the statutory jurisdictional amount."

[6] *See* 28 U.S.C.A. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.]"). Lessors correctly note that federal courts use the terms "matter in controversy" and "amount in controversy" interchangeably.

[7] The Class Action Fairness Act "affords a federal district court subject-matter jurisdiction over a class action lawsuit that alleges, in the aggregate, $5 million in controversy, even though no class member's claim alone would satisfy the $75,000 amount-in-controversy requirement needed to establish diversity jurisdiction in federal court." *Hensley*, 549 S.W.3d at 438 n.18 (citing 18 A.L.R. Fed. 2d 223 (2007)). However, no Kentucky statute allows class members to circumvent the individual amount-in-controversy requirement.

While a presumption against divestiture of the circuit court's jurisdiction may exist, here, any such presumption is easily rebutted: none of the Lessors satisfy the amount-in-controversy requirement prescribed by the legislature. Under CR[8] 23.01, one or more persons may sue on behalf of an entire class, but a court must first certify the class. Certification is only possible if a plaintiff first establishes subject-matter jurisdiction as class-actions do not circumvent our judicial system's jurisdictional requirements: "[Kentucky Rules of Civil Procedure] shall not be construed to extend or limit the jurisdiction of any court of this Commonwealth[.]" CR 82. Thus, the Lessors' contention that their claims should be aggregated for CR 23 purposes is inapposite because no plaintiff has met the court's jurisdictional requirement in order to certify the class.

### B. Class Actions Are Not Matters of Equity Per Se.

Additionally, the Lessors argue that regardless of the amount in controversy, class actions fall under the circuit court's jurisdiction over matters of equity. Today,[9] only one form of action is provided by CR 2, civil action. *Johnson v. Holbrook*, 302 S.W.2d 608, 610 (Ky. 1957). However, the Civil Rules "did not abolish . . . the time-honored distinction between remedies applicable to a legal cause of action or to one sounding in equity." *Id.* (citations omitted). "If upon a full appraisal of the issues the case seeks remedies traditionally

---

[8] Kentucky Rules of Civil Procedure.

[9] Historically, the common law recognized many forms of action, including cases at law and actions in equity. RONALD W. EADES, KENTUCKY LAW OF DAMAGES § 8:1 (2021).

available in equity, the case is to be tried as a case in equity." RONALD W. EADES, KENTUCKY LAW OF DAMAGES § 8:1 (2021). But, "[i]f the action is one which the recovery of money damages will provide relief, no equitable remedy should be awarded." *Id.*

While this Court has held some class actions to be equitable in nature,[10] we have not held class actions to be matters of equity *per se.* Rather, "[t]he right of a litigant to employ the class-action mechanism . . . is a *procedural right only*, ancillary to the litigation of substantive claims." *Hensley*, 549 S.W.3d at 441 n.27 (citing 35A C.J.S. *Federal Civil Procedure* § 86). Here, the Lessors seek "legal and equitable remedies," but as the Court of Appeals correctly noted, the Lessors' single cause of action is breach of contract, which is regularly adjudicated in the district court.[11] Further, Vinland ceased withholding severance taxes from the Lessors' royalties in 2015, before the Lessors initiated this action, so injunctive relief is inappropriate.

Finally, the Lessors argue that CR 23 envisions jurisdiction in the circuit court, and to deny that court jurisdiction would be to deny the Lessors their right to obtain a remedy. The Lessors are correct in that the circuit court exercises jurisdiction over class actions,[12] but again, they mistake the

---

[10] *See Pyro Mining Co. v. Ky. Com'n on Human Rights*, 678 S.W.2d 393, 395 (Ky. 1984); *Schnuerle v. Insight Commc'n Co., L.P.*, 376 S.W.3d 561, 569 n.7 (Ky. 2012). Neither court held the class action to bestow jurisdiction upon the circuit court solely because of its outgrowth from principles of equity.

[11] *See, e.g., Prezocki v. Bullock Garages, Inc.*, 938 S.W.2d 888 (Ky. 1997).

[12] "An appeal does not stay proceedings in the circuit court unless the circuit judge or the Court of Appeals so orders." CR 23.06; "The court may refer issues

procedural vehicle as one exempt from the court's jurisdictional limits which are set by statute and the Kentucky Constitution.

Barring class actions which do not meet the circuit court's amount-in-controversy requirement does not leave the plaintiffs without an adequate and proper remedy. The Lessors' argument that legal costs and accessibility functionally prohibit potential class members from filing individual, small-dollar suits, could likewise be made for all plaintiffs seeking damages in the district court. And yet, the legislature not unreasonably gave the district court exclusive jurisdiction over civil cases in which the amount in controversy does not exceed five thousand dollars.[13] Expansion of subject-matter jurisdiction is completely within the purview of the legislature.

## IV. Conclusion

For the reasons stated above, we affirm the Court of Appeals' decision.

All sitting. All concur.

---

related to the amount of the award to a Commissioner, as provided in CR 53." CR 23.08. "Each circuit court may appoint a master commissioner[.]" CR 53.01.

[13] "We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984) (citation omitted).

COUNSEL FOR APPELLANTS:

John Saoirse Friend
Bishop Friend, P.S.C.
John Cleveland Whitfield
Caroline Ramsey Taylor
Milberg Coleman Bryson Phillips Grossman, PLLC

COUNSEL FOR APPELLEE:

Honorable Oscar G. House

COUNSEL FOR REAL PARTIES IN INTEREST:

Karen J. Greenwell
Virginia Hamilton Snell
Wyatt, Tarrant & Combs, LLP